J-S04010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                             :             PENNSYLVANIA
                                             :

v.                        :

TYREH SMITH                          :

       Appellant              :    No. 878 EDA 2022

Appeal from the Judgment of Sentence Entered February 25, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0004003-2019,
CP-51-CR-0004005-2019

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                             :             PENNSYLVANIA
                                             :

v.                        :

TYREH SMITH                          :

       Appellant              :    No. 879 EDA 2022

Appeal from the Judgment of Sentence Entered February 25, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at CP-51-CR-0004003-2019,
CP-51-CR-0004005-2019

BEFORE:   MURRAY, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY MURRAY, J.:          **FILED MARCH 28, 2023**

     Tyreh Smith (Appellant) challenges the discretionary aspects of the

sentence imposed following his guilty plea to two counts each of third-degree

_____

* Retired Senior Judge assigned to the Superior Court.

murder and criminal conspiracy, and one count of possessing an instrument of crime (PIC).[1]  We affirm.

The trial court summarized the factual basis of Appellant's guilty plea:

[O]n August 29, 2009, between the hours of 2:30 and 3:30 in the morning, in the area — at … 5545 Delancey Street, [] in the city and county of Philadelphia, the complainants in this case, Nakiesha Finks and Jonathan Pitts, were asleep in their home … in the upstairs front bedroom, when [Appellant] and a co-defendant, James Barrow, entered that property through a rear window by pushing in an air-conditioning unit.  Those individuals were masked.  They continued to proceed through the house with the intention of committing a robbery.

While upstairs … they went up to the front bedroom.  … [A]t that time, Mr. Barrow proceeded into the bedroom.  Mr. Barrow got into a physical altercation with Mr. Pitts.  Mr. Barrow was armed with a revolver handgun.  … [D]uring that physical altercation, a gunshot went off, prompting [Appellant] to go into that bedroom.

During that time — when [Appellant] went into that bedroom, he aided and assisted Mr. Barrow in subduing both victims.  [Appellant] was then instructed to duct-tape the hands and wrists of the victims.  He did so for Mr. Barrow.

… At that time, Mr. Barrow retrieved the gun back from [Appellant]….  [Appellant] went downstairs when Mr. Barrow shot both victims execution style in the … back of the head.

Trial Court Opinion, 6/16/22, at 2-3 (quoting N.T., 10/5/21, at 10-13).

Police arrested Appellant nearly a decade later, on December 31, 2018.

On October 5, 2019, Appellant entered an open guilty plea to the above charges.  However, the prosecution agreed that the third-degree murder

_____

[1] **See** 18 Pa.C.S.A. §§ 2502(c), 903, 907.

counts would not be subject to mandatory life sentences.[2]  On February 25, 2022, following the preparation of a pre-sentence investigation report (PSI) and a mental health evaluation, the trial court sentenced Appellant an aggregate 24 to 48 years in prison, followed by five years' probation.[3]

Appellant timely filed a post-sentence motion, which the trial court denied on March 10, 2022.  On March 21, 2022, Appellant filed two notices of appeal, with each notice listing both trial court docket numbers.[4]

Appellant's notices of appeal implicate our Supreme Court's holding in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).  In **Walker**, the Supreme Court held that appellants are required to file separate notices of appeal when a single order resolves issues arising on more than one trial court docket.  **Id.** at 977.  However, this Court has also recognized an exception to **Walker** where a breakdown of the court's processes takes place.

In **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019), the post-conviction relief court had advised the appellant that he could appeal the dismissal of his petition by filing "a notice of appeal."  **Stansbury**, 219

_____

[2] **See** 42 Pa.C.S.A. § 9715 (providing that the sentence of life imprisonment shall be imposed for a second third-degree murder conviction).

[3] The trial court imposed consecutive sentences of 6 – 12 years in prison for each count of third-degree murder and each count of conspiracy, and a consecutive five years of probation for Appellant's conviction of PIC.

[4] This Court consolidated the appeals on April 28, 2022.

A.3d at 160. We held such a misstatement constituted a breakdown of the court's operation, "such that we may overlook the defective nature of Appellant's timely notice of appeal rather than quash pursuant to **Walker**." **Id.**; **see also Commonwealth v. Larkin**, 235 A.3d 350, 352-54 (Pa. Super. 2020) (*en banc*) (reaffirming **Stansbury**); **Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007) ("The courts of this Commonwealth have held that a court breakdown occurred in instances where the trial court, at the time of sentencing, either failed to advise [appellants] of [their] post-sentence and appellate rights or misadvised [them]").

Our review discloses that the trial court's order denying Appellant's post-sentence motion failed to apprise Appellant of his appellate rights. **See** Pa.R.Crim.P. 720(B)(4)(a) (requiring that orders denying post-sentence motions include notice to the defendant of certain appellate rights, including the right to appeal and the time limits within which an appeal must be filed). This omission constituted a breakdown of the court's processes. Consequently, we decline to quash Appellant's appeal under **Walker**. **See Patterson**, 940 A.2d at 498.

Appellant presents the following issue:

DID THE TRIAL COURT ABUSE ITS DISCRETION IN IMPOSING AN AGGREGATE SENTENCE OF TWENTY-FOUR (24) TO FORTY-EIGHT (48) YEARS ON THESE TWO CASES FOLLOWING AN OPEN PLEA?

Appellant's Brief at 5.

- 4 -

A challenge to the discretionary aspect of a sentence is not appealable as of right. *Commonwealth v. Miller*, 275 A.3d 530, 534 (Pa. Super. 2022).

> Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms.

*Id.* Appellant timely filed a notice of appeal, preserved his issue in a post-sentence motion, and included in his brief a statement of the reasons relied upon for allowance of appeal. Accordingly, we look to whether Appellant raises a substantial question his sentence is inappropriate under the Sentencing Code.

In his Pa.R.A.P. 2119(f) statement, Appellant argues the trial court failed to consider

> [the] sentencing factors enumerated at 42 Pa.C.S.A. [§] 9721, imposed consecutive sentences without sufficient justification, did not fully account for mitigation evidence, and specifically ignored/failed to put proper weight on the following factors: (a) Appellant was not the gunman and did not shoot anyone[;] (b) his prior record score was 0[;] (c) Appellant gave police the identity of the shooter, was not the mastermind and did not plan this crime[;] (d) Appellant accepted responsibility and showed extreme remorse. Further the [trial court] improperly relied on [the] Commonwealth's baseless argument that Appellant blamed an innocent individual and took part in prison riots.

Appellant's Brief at 4. Appellant's claim raises a substantial question.

*Commonwealth v. Summers*, 245 A.3d 686, 692 (Pa. Super. 2021)

(concluding claims that the sentence was harsh and excessive and the trial court failed to consider mitigating factors raised a substantial question); *Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa. Super. 2009) (concluding a claim that the trial court only considered the seriousness of the offense raises a substantial question). Accordingly, we will address the merits of Appellant's claim.

Appellant argues the trial court abused its discretion by failing to consider the factors enumerated in 42 Pa.C.S.A. § 9721, imposing consecutive sentences without sufficient justification, and failing to appropriately consider and weigh certain mitigating factors. Appellant's Brief at 8. According to Appellant, the trial court failed to appropriately weigh the following factors:

> Appellant was not the gunman and did not shoot anyone, (b) his prior record score was 0[;] (c) Appellant gave police the identity of the shooter[;] was not the mastermind and did not plan this crime[;] [and] (d) Appellant accepted responsibility and showed extreme remorse….

*Id.* Appellant emphasizes that he testified against his co-conspirator, who pulled the trigger. *Id.* at 10. Appellant claims that since the murders, he quit drinking and using marijuana, got married, and is now living a law-abiding life. *Id.*

Appellant further argues the trial court improperly relied on the Commonwealth's argument that he "blamed an 'innocent' individual and took part in prison riots." *Id.* Appellant points out the trial court said nothing prior to imposing sentence, "except for telling Appellant that he was 'a very lucky

- 6 -

man that [he] got the deal [he] got.'" *Id.* (quoting N.T., 2/25/22, at 34).

Appellant acknowledges the trial court's sentence is within the sentencing guidelines. *Id.* at 9. Appellant challenges the court's imposition of consecutive sentences,

> after the Commonwealth argued at sentencing that Appellant sat silently for years (the murders occurred in 2009) while another person was charged with the same, and it was not until 2018 when his fingerprints were discovered that he "came clean." (N.T.[,] 2/25/22[,] at [] 17-18.) Additionally, the Commonwealth argued for a harsher sentence due to another murder involving Appellant which happened in Missouri County from a "drug deal gone wrong." ([*Id.* at] 17-18)….

Appellant's Brief at 9-10.

A court imposing a sentence must make a part of the record a statement of the reasons for the sentence imposed. 42 Pa.C.S.A. § 9721(b); *Miller*, 275 A.3d at 535. In addition, Section 9721(b) requires that the court consider the following factors: "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). The balancing of the Section 9721(b) factors is the sole province of the sentencing court. *Miller*, 275 A.3d at 535.

Moreover, when the sentencing court has the benefit of a PSI, we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with the statutory factors. *Id.*; *Commonwealth v. Knox*, 165 A.3d 925, 930 (Pa. Super. 2017). This Court has explained:

A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. **Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.** This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Knox*, 165 A.3d at 930-31 (emphasis added; citation omitted).

Further, "in imposing a sentence, the trial [court] may determine whether, given the facts of a particular case a sentence should run consecutive to or concurrent with another sentence being imposed." *Commonwealth v. Taylor*, 277 A.3d 577, 593 (Pa. Super. 2022) (citation omitted). "The imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court." *Id.* (citation omitted).

Here, the trial court had the benefit of a PSI:

A presentence report had been prepared for this case, which was studied, along with all of the evidence presented, and considered numerous factors, such as the nature of the crime, [Appellant's] background, the likelihood of rehabilitation and the need for the public to be protected from this behavior by [Appellant]again. The sentence imposed on [A]ppellant took into account all of those considerations.

….

According to the presentence report, [Appellant] had a robbery conviction in 2011 and a DUI conviction in 2015. Despite this, [Appellant's] calculated prior record score was zero. The

parties agreed that the offense gravity score for the third-degree murder charges was thirteen, and with a prior record score of zero, the guidelines designate a minimum of sixty to seventy-eight months to the statutory limit, which is two hundred and forty months, plus or minus twelve months. (N.T. 2-25-2022, p. 3).

[Appellant] was sentenced to six to twelve years' incarceration for each of the crimes which is within the guidelines. [Appellant] produced no evidence that the sentence imposed was either inconsistent with a specific provision of the sentencing code or contrary to the fundamental norms which underlie the sentencing process and as such, there is no substantial question. This court examined [Appellant's] background, character and rehabilitative needs, and the pre-sentence investigation report detailed the relevant information regarding these factors, all of which was considered.

These were brutal, cold, callous, merciless, and senseless murders. Because the mask was knocked off the co-defendant and the victims saw his face, they were both summarily executed. To be sleeping in your bed, woken by armed intruders who want to steal anything of worth that you have is absolutely terrifying. To then be duct-taped and then wait while the two of you are going to be executed is unimaginable.

….

… The court reviewed the presentence investigation report, considered all of the testimony and arguments of counsel and imposed a sentence within the applicable guideline range. The [court] considered [Appellant's] mental health and rehabilitative needs as well as his history, the need for the protection of the public and the gravity of the offense.

Trial Court Opinion, 6/16/22, at 5-7 (citations omitted).

We discern no abuse of discretion or trial court error, as the trial court

properly exercised its discretion in examining the circumstances at sentencing.

***See id.***

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/28/2023</u>