J-S05039-22

2022 PA Super 88

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:                   PENNSYLVANIA
:
v.                                :
:
:
:
JOHNNY J. MILLER                  :
:
Appellant              :   No. 1316 MDA 2020

Appeal from the Judgment of Sentence Entered August 11, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0000412-1989

BEFORE: PANELLA, P.J., STABILE, J., and DUBOW, J.

OPINION BY DUBOW, J.:                          **FILED: MAY 11, 2022**

Appellant, Johnny J. Miller, appeals from the Judgment of Sentence of
55 years to life imposed upon resentencing following the decisions rendered
in **Miller v. Alabama**, 567 U.S. 460 (2012), and **Montgomery v. Louisiana**,
136 S. Ct. 718 (U.S. 2016). He challenges the legality of the sentence as *de
facto* life without the possibility of parole ("LWOP") and the discretionary
aspects of his sentence. After careful review, we affirm.

In January 1989, when he was 17 years old, Appellant killed Phyllis
Morgan, his former girlfriend's mother.[1] A jury found him guilty of, *inter alia*,
First-Degree Murder and the court sentenced him on November 17, 1989, to

---

[1] In its Pa.R.A.P. 1925(a) Opinion, the court reiterated the facts underlying
Appellant's conviction as set forth by this Court in affirming his judgment of
sentence on December 12, 1991. **See** Tr. Ct. Op., dated 12/10/2020, at 3-4.
**See also Commonwealth v. Miller**, 606 A.2d 1231 (Pa. Super. 1991)
(*table*). These facts included Appellant's stealing house keys from the victim's
daughter three weeks before the incident, lying in wait in the home, and
stabbing the victim seventeen times.

the then-mandatory LWOP term of incarceration. This Court affirmed the judgment of sentence and the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Miller*, 606 A.2d 1231 (Pa. Super. 1991) (unpublished memorandum); *appeal denied,* 606 A.2d 901 (Pa. 1992).

Following the decisions rendered in *Miller* and *Montgomery*, Appellant filed a petition pursuant to the Post Conviction Relief Act ("PCRA") seeking resentencing. The PCRA court granted relief and ordered a pre-sentence investigation ("PSI") report. Notably, the Commonwealth indicated that it would not seek a sentence of life without parole.

On August 11, 2020, the court held a resentencing hearing. Appellant and his expert on juvenile offender rehabilitation testified regarding Appellant's difficult childhood, his drug and alcohol addictions that began when he was a very young child, and his rehabilitative accomplishments obtained during his 30 years in prison, including obtaining a GED, participating in group therapy and Narcotics Anonymous, his clean record of prison behavior since 1999, his participation in vocational programs, and his mentorship work with young offenders.

The Commonwealth presented victim impact statements from the victim's family.

After argument from counsel, the court acknowledged that it had reviewed the PSI report, Appellant's expert's report and testimony, and the sentencing memoranda submitted by counsel. The court also acknowledged Appellant's rehabilitative accomplishments and his ongoing work as a peer

- 2 -

counselor to young inmates. After noting that the statutory minimum sentence is 35 years' incarceration, the court stated that the severity of the crime, and its impact on the victim's family and community informed its decision to impose a term of 55 years to life imprisonment.

Appellant filed a post-sentence motion challenging the discretionary aspect of his sentence, which the court denied.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925(b).

Appellant presents the following questions for our review:

1. Was not the lower court's sentence of 55 years-to-life an illegal *de facto* life sentence without proof of the factual/legal predicates for imposing a life-without-parole sentence on a person who was a juvenile at the time of the commission of the offense?

2. Was not the imposition of a 55 year-to-life sentence clearly unreasonable, so manifestly excessive as to constitute an abuse of discretion, and inconsistent with the protection of the public, the gravity of the offense, and [Appellant's] rehabilitative needs?

Appellant's Br. at 6.

In his first issue, Appellant argues that the imposition of a term of 55 years to life imprisonment is unconstitutional as a *de facto* term of LWOP. **Id**. at 29. He contends that the sentence is "illegal because the Commonwealth … did not present sufficient evidence to prove beyond a reasonable doubt the

factual predicates set forth in [**Miller**, **Montgomery**, and **Batts**[2]] to justify a life-without-parole sentence, including that rehabilitation is 'impossible.'" **Id**. at 18, 20.

Appellant purports to challenge the legality of his sentence. However, as discussed *infra*, based on recent U.S. Supreme and Pennsylvania Supreme Court case law, Appellant's challenge is properly characterized as a challenge to the discretionary aspects of his sentence, which garners him no relief.

In **Commonwealth v. Felder**, 269 A.3d 1232 (Pa. 2022), our Supreme Court addressed whether a lengthy term-of-years' incarceration sentence imposed on a juvenile offender violates the Eighth Amendment's prohibition against cruel and unusual punishment as interpreted by the **Miller** court. The Court acknowledged that the U.S. Supreme Court, in **Jones v. Mississippi**, 141 S.Ct. 1307 (U.S. 2021), abrogated the procedural requirement set forth in **Batts**, **supra**, that required a specific finding of incorrigibility before a sentence of LWOP could be imposed on a juvenile offender. The **Felder** Court, thus, held that: "when sentencing juvenile homicide offenders from this point forward, sentencing courts are required to consider only the relevant sentencing statutes, which will guarantee that sentencer considers the juvenile's youth and attendant characteristics as required by **Miller**." **Felder**,

---

[2] **Commonwealth v. Batts**, 163 A.3d 410, 472 (Pa. 2017), *abrogated* by **Jones v. Mississippi**, 141 S.Ct. 1307 (U.S. 2021). **See also Commonwealth v. Felder**, 269 A.3d 1232 (Pa. 2022) (*recognizing abrogation* of **Batts**).

269 A.3d at 1246. Importantly, "[s]o long as the sentence imposed is discretionary and takes into account the offender's youth, **even if it amounts to a *de facto* life sentence, *Miller* is not violated**." ***Id.*** (emphasis added)

Here, Appellant does not aver that the trial court failed to consider the mitigating qualities of his youth and its attendant characteristics. Rather, he purports to challenge the constitutionality of his sentence with his contention that the court imposed an impermissible *de facto* LWOP sentence even though he "demonstrated a remarkable degree of rehabilitation[.]" Appellant's Br. at 30. In light of **Jones** and **Felder**, Appellant's sentence does not violate the Eighth Amendment and, thus, Appellant's challenge does not implicate the legality of his sentence. Rather, Appellant's argument that the trial court failed to consider his rehabilitation must be addressed as a challenge to the discretionary aspects of his sentence. Accordingly, we will address both of Appellant's issues as challenges to the discretionary aspects of this sentence.

Challenges to the discretionary aspects of sentence are not appealable as of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects

of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms. *Id.* An appellant must satisfy all four requirements. *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013).

Here, Appellant filed a post-sentence motion and a timely notice of appeal, and he has included a Rule 2119(f) statement in his brief. Within his Rule 2119(f) Statement, Appellant contends that the court "focused solely on the nature of the crimes" and "paid no more tha[n] lip service to [Appellant's] strides toward rehabilitation and reform." Appellant's Br. at 23. He further contends that his sentence of 55 years' to life imprisonment is manifestly excessive in violation of "both 42 Pa.C.S. § 9781(c)(2) and fundamental norms under the sentencing process." *Id*. at 22. We conclude Appellant has raised a substantial question. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (holding that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.").

"Sentencing is a matter vested in the sound discretion of the sentencing judge" and this Court will not disturb a sentence on appeal "absent a manifest abuse of discretion." *Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citation omitted). "In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must

- 6 -

establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Id*. (citation omitted).

In sentencing a juvenile offender, "where the Commonwealth does not seek a LWOP sentence, the sentencing court should apply the traditional sentencing considerations under 42 Pa.C.S. § 9721(b) of the Sentencing Code when fashioning its sentence. The sentencing court is not required to consider the *Miller* factors in such cases." *Commonwealth v. Summers*, 245 A.3d 686, 693 (Pa. Super. 2021), *appeal denied*, No. 110 MAL 2021, 2022 WL 1089829 (Pa. filed Apr. 12, 2022) (citations omitted). However, a sentencing court may consider 18 Pa.C.S. § 1102.1 for guidance. *Batts*, *supra*, at 458 (*abrogated on other grounds by Jones, supra*). *See* 18 Pa.C.S. § 1102.1(a)(1) (providing for a minimum term of 35 years' incarceration on juvenile offenders convicted of first-degree murder after June 24, 2012).

Section 9721 provides in part that "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). The balancing of the sentencing factors is the sole province of the sentencing court. *Commonwealth v. Bricker*, 41 A.3d 872, 876 (Pa. Super. 2012). Further, we recognize that the sentencing court, which is present at

the hearing and observes all witnesses and the defendant firsthand, "is in a superior position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime." ***Commonwealth v. Lekka,*** 210 A.3d 343, 353. (Pa. Super. 2019). Notably, where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009).

"In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." ***Commonwealth v. Mouzon***, 812 A.2d 617, 620-21 (Pa. 2002). "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors." ***Ventura***, 975 A.2d at 1135 (citation omitted).

Appellant contends that the court imposed "a severe sentence—in excess of 35 years—based solely on the nature of the criminal acts." Appellant's Br. at 38. He emphasizes that he "proved that he is rehabilitated," as demonstrated by his "consistent efforts to obtain certifications, counseling, and treatment in the prison setting." ***Id***. at 39. He also emphasizes his expert's positive report and his expressions of remorse. ***Id***. Appellant avers

that the "court did not fashion a sentence accounting for [his] rehabilitative needs." *Id*. at 40. He concludes that his sentence is "not reasonable based on the notion of fairness, nor is it reasonable based on the law governing sentencing." *Id*. at 42.

At the sentencing hearing, the court heard testimony from Appellant's expert as well as statements from the victim's daughter, the victim's brother, and Appellant. *See* N.T., 8/11/2020, at 5-25, 26-35, and 35-42, respectively. Appellant's counsel brought to the court's attention the fact that Appellant's sister and niece were there at the hearing to support Appellant.

Immediately after counsel presented their arguments, the court acknowledged that it had reviewed the materials submitted by the parties. *Id*. at 47. While the court noted the nature of the crime and its impact on the victim's family, the court also acknowledged Appellant's efforts at rehabilitation and its review of the PSI report. *See id*. at 4, 47-48. *See also* Trial Ct. Op., dated 12/10/20, at 12-15 (acknowledging that it had the benefit of the reading the PSI report that outlined Appellant's childhood and substance abuse history, and detailing its consideration of the sentencing factors, including the protection of the public, the gravity of the offenses, and Appellant's rehabilitative needs).

Based on our review of the record and relevant case law, we conclude that the court did not abuse its discretion in rendering its sentence. As noted above, it was solely within the province of the sentencing court to weigh the

evidence and balance the sentencing factors. Based on the court's consideration of the PSI and the other evidence presented, we conclude that Appellant's sentence of 55 years to life imprisonment is not manifestly unreasonable.

Judgment of Sentence Affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/11/2022