J-S07029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JUSTIN MITCHELL | : | |
| | : | |
| Appellant | : | No. 1583 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 11, 2022,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No(s): CP-46-CR-0004744-2019.

BEFORE:  DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED APRIL 11, 2023**

After a jury convicted him of felony murder, criminal conspiracy, and related offenses,[1] Justin Mitchell appeals from the judgment of sentence of incarceration for life without the possibility of parole.  We affirm.

Around 9:10 p.m. on January 23, 2019, Mitchell, Henry Diaz-Ayala, and Russel Montalvo-Fernandez broke into the home of David Pass and his father, Ralph Williams.  Carrying guns, the men planned "to rob [Mr.] Pass of money he owed [Mitchell,] who in turn owed it to Diaz[-Ayala] and Montalvo[-Fernandez]."  Trial Court Opinion, 7/20/22, at 5.

While Montalvo-Fernandez and Mr. Pass were on the third floor, Diaz-Ayala was with Mr. Williams in his second-floor bedroom.  Mr. Williams resisted and stabbed Diaz-Ayala, who screamed.  Upon hearing Diaz-Ayala's scream,

---

[1] **See** 18 Pa.C.S.A. §§ 903(a)(1), 907(a), 2505(b), 2702(a)(1), 3701(a)(1)(i), 3701(a)(ii), and 3701(a)(1)(iv); **see also** 75 Pa.C.S.A. § 3733(a).

Montalvo-Fernandez shot Mr. Pass in the leg and buttocks. Montalvo-Fernandez ran downstairs, where he repeatedly shot and killed Mr. Williams.

The three home invaders fled the scene. Diaz-Ayala left a trail of blood from Mr. Williams' bedroom, down the stairs, through the kitchen, out the back door, and into the street. Montalvo-Fenandez drove Mitchell home and then took Diaz-Ayala to a hospital.

Two days later, a traffic-patrol officer attempted to stop Mitchell for illegally tinted car windows. Mitchell began to slowdown but then sped away. Instead of pursuing the car, the patrol officer obtained a warrant for Mitchell's arrest.

Several months passed, and police eventually apprehended Mitchell and Diaz-Ayala. Meanwhile, Montalvo-Fernandez escaped to Mexico with the help of his close friend, Elijah Moody.

The Commonwealth filed two cases against Mitchell. One case was for eluding apprehension by the patrol officer. The other case was for the crimes committed during the home invasion. The Commonwealth joined Mitchell's two cases under Pennsylvania Rule of Criminal Procedure 582.

Mitchell moved to separate them. The trial court denied his request. It explained his eluding-apprehension charge "arguably is evidence of flight," due to an inferable consciousness of guilt arising from Mitchell's involvement in the home invasion. N.T., 7/15/21, at 23.

Also, the Commonwealth filed a motion *in limine* to admit the testimony of Elijah Moody regarding statements Montalvo-Fernandez made to him in the

days after the homicide. The trial court granted the Commonwealth's motion

and explained its ruling from the bench as follows:

> It's important to note that Moody and Montalvo[-Fernandez] were friends prior to the homicide. It's also important to note that, at the time these statements were made, [none] of the defendants had been arrested for homicide. The case law does say that the conspiracy ends upon arrest. We don't have that in this particular situation. We know that Mr. Moody testified before the Investigating Grand Jury on two occasions, that being September 3, 2019 and . . . July 24, 2019.
>
> On August 7, 2019, he and his attorney met with Detective Mitchell, and I'll quote, "to clarify false information that he previously testified to before the Investigating Grand Jury." There was no question-and-answer statement taken at the time, and it is not clear from the record why no formal statement was taken. It's also not clear what generated this meeting on August 7th. Was Mr. Moody being threatened with contempt of court for lying to the grand jury? It's just not clear. But a police report was generated, and it says various things that Montalvo[-Fernandez] is reported to have said to Moody.
>
> At some point, . . . Mr. Moody came to Detective Mitchell, and he did give a Q-and-A statement. I believe it was two pages and basically adopted a police report. That was March 12, 2020.
>
> So, what we have here is knowing the facts of this case, we know that the three people came together. After the homicide, they left in a car together. Two of them were wearing masks during the crime. We know that there was cell phone contact between them, after the time and prior to their arrest. I think it can be readily inferred that there was an agreement, as part of the original plan, to get away with the crime, to cover up, to evade capture, and I think that can be readily inferred as part of the plan. So, I find that the conspiracy did not end. The statements were made in furtherance of the conspiracy, and they are admissible.

N.T., 7/15/21, at 18-19.

The matter proceeded to trial. The jury convicted both men, and the trial court sentenced Mitchell as described above. This timely appeal followed.

The trial court ordered Mitchell to file a Rule of Appellate Procedure 1925(b) Statement of Matters Complained of on Appeal. However, there is no 1925(b) Statement in the certified record, and Mitchell did not attach his 1925(b) Statement to his appellate brief.

In its 1925(a) Opinion, the trial court indicated that Mitchell served the trial judge with "a Statement of 13 errors claimed on appeal." Trial Court Opinion, 7/20/22, at 2. "Seven of those claims (numbered III-IX) pertain to the disposition of pretrial motions by the Hon. William R. Carpenter," who neither presided over the trial nor authored the 1925(a) Opinion. *Id.* The opinion incorporated Judge Carpenter's pretrial rulings by reference, but it did not identify which pretrial issues Mitchell raised in his 1925(b) Statement. Hence, Mitchel'sl failure to file to his 1925(b) Statement left the record devoid of which pretrial issues he raised in his 1925(b) Statement.

The Commonwealth therefore asserts that Mitchell has waived his issues on appeal. *See* Commonwealth's Brief at 18. In its appellate brief, the Commonwealth stated that it did not object to Mitchell supplementing his brief to include the statement of errors that he submitted to the trial court. However, the Commonwealth contended that any arguments not preserved in that Statement are now waived. *See id.* (citing *Commonwealth v. Hill*, 16 A.3d 484, 492 (Pa. 2011).

Despite the concession from the Commonwealth, Mitchell did not file a reply brief or supplement his initial brief to provide us with his 1925(b) Statement. Thus, before reaching the merits of Mitchell's appellate issues, we must determine whether his failure to include his 1925(b) Statement in the certified record and his brief results in waiver of his appellate issues.

Waiver presents "a question of law, over which our standard of review is *de novo*, and our scope of review is plenary." ***Commonwealth v. Barbour***, 189 A.3d 944, 954 (Pa. 2018).

Rule 1925(b) is very clear and very strict. Where, as here, the trial court has ordered an appellant to file a 1925(b) Statement, he "shall file of record the Statement and concurrently shall serve [it upon] the judge." Pa.R.A.P. 1925(b)(1). Moreover, "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii).

Accordingly, the Supreme Court of Pennsylvania has said, "In order to preserve their claims for appellate review, appellants ***must comply*** whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. ***Any issues not raised in a 1925(b) statement will be deemed waived.***" ***Hill***, 16 A.3d at 491 (emphasis in original).

Here, Mitchell served his 1925(b) Statement on the trial judge, but he failed to file it of record. Thus, he violated Pa.R.A.P. 1925(b)(1). This violation inhibits our appellate review, because the trial judge who received the 1925(b)

Statement was not the same judicial officer who ruled on the pretrial matters. Mitchell raised seven pretrial issues in his 1925(b) Statement, but, due to his failure to file the 1925(b) Statement or attach it to his brief, we have no way of knowing which pretrial issues he raised (and thereby preserved) in that Statement.

Given that we do not know which pretrial issues Mitchell preserved in his 1925(b) Statement, we hold that he has preserved none of them. We dismiss all of Mitchell's pretrial appellate issues as waived.

Regarding trial and post-trial issues, the trial court authored a 1925(a) Opinion listing Mitchell's issues from his 1925(b) Statement as follows:

1. The evidence was insufficient to support the guilty verdict;

2. The verdict was contrary to the weight of the evidence;

3. The trial court erred by admitting the testimony of a forensic pathologist, despite his failure to state his opinions to a reasonable degree of medical certainty;

4. The trail court erred by admitting a timeline exhibit produced by the Commonwealth, marked and received into evidence as C-163;

5. The trial court erred by allowing the Commonwealth to amend the bills of information after the close of the evidence; and

6. The trial court abused its discretion by sentencing [Mitchell] to an aggregate sentence of ten to 20 years' imprisonment consecutive to his life sentence for murder.

Trial Court Opinion, 7/20/22, at 2-3.

Unlike the pretrial issues, because the trial court has identified and addressed the merits of the above issues in its opinion, Mitchell's failure to file his 1925(b) Statement does not inhibit our review of whether he raised them in his 1925(b) Statement. Therefore, Mitchell's failure to file his 1925(b) Statement with the clerk of courts does not result in waiver of those issues.

Clearly, Mitchell served his 1925(b) Statement on the trial judge, who placed his trial and post-trial appellate issues in the record through its 1925(a) Opinion. Hence, we hold that those six trial and post-trial issues are preserved for appellate review.

Nevertheless, in his appellate brief, Mitchell raises many issues that are different from the issues that the trial court identified in its 1925(a) Opinion. Specifically, he now claims the following five grounds of error:

> 1. Did the trial court err in not granting the motion to sever the codefendant's cases, violating [Mitchell's] constitutional rights?
>
> 2. Did the trial court err in joining the fleeing and eluding charges?
>
> 3. Did the trial court err in admitting *crimen falsi* evidence that was too remote in time without doing the proper analysis of the probative value versus prejudicial impact?
>
> 4. Did the trial court err, violating [Mitchell's] rights under the Confrontation Clause, the Fourteenth Amendment and Article I sec. 9, when it permitted admission of the statement of Montalvo-Fernandez, a non-testifying coconspirator which he made to Elijah Moody?
>
> 5. Did the sentencing court abused its discretion in sentencing [Mitchell] to an aggregate sentence of ten

> to 20 years of state incarceration consecutive to his life sentence violating state law and the Eighth Amendment?

Mitchell's Brief at 2.

Of the above issues, the first four deal with pretrial matters that the trial court did not identify or address in its 1925(a) Opinion. Hence, in accordance with our above analysis, Mitchell has not properly preserved them for appeal. He waived his first four appellate issue. *See* Pa.R.A.P. 1925(b) and *Hill*, *supra*.

The only issue that Mitchell preserved for appellate review challenges the trial court's discretionary aspects of his sentence. He disagrees with the ten to 20 years' incarceration that the trial court imposed consecutively to his life sentence.

Such issues "are not appealable as of right." *Commonwealth v. Miller*, 275 A.3d 530, 534 (Pa. Super. 2022). Instead:

> [a]n appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b), or sentencing norms.

*Id.* Mitchell has satisfied the first three pongs. However, the Commonwealth objects to our assertion of appellate jurisdiction over this issue based on the fourth prong, *i.e.*, presentation of a substantial question.

Regarding the substantial-question prong, Mitchell offers no analysis in his Pa.R.A.P. 2119(f) Statement. He merely states, "there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code." Mitchell's Brief at 34. But Mitchell does not explain why or how that is so.

By contrast, the Commonwealth argues that:

> a guideline sentence is presumptively reasonable. ***See Commonwealth v. Fowler***, 893 A.2d 758, 767 (Pa. Super. 2006) ("the standard range . . . is presumptively where a defendant should be sentenced"). Moreover, "the general rule in Pennsylvania is that in imposing a sentence the court has discretion to determine whether to make it concurrent with or consecutive to other sentences then being imposed or other sentences previously imposed." ***Commonwealth v. Hoag***, 665 A.2d 1212, 1214 (Pa. Super. 1995) (citation omitted) ("We see no reason why Hoag should be afforded a 'volume discount' for his crimes by having all sentences run concurrently").

Accordingly:

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question . . . Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

> ***Commonwealth v. Caldwell***, 117 A.3d 763, 769 (Pa. Super. 2015) (internal citations and quotation marks omitted).
>
> In this case, [Mitchell] fails to raise a substantial question, because his sentence is not unduly harsh under the circumstances. He led two armed and dangerous individuals to break the victims' door down and enter their home to take what they believed to be drug money by force. After invading the home, the men shot their target as well as his father. The father died, thus mandating defendant's life sentence. He has no right to bypass a prison term for his remaining crimes, which include the aggravated assault on the son who survived.
>
> [Mitchell] does not contend that the court sentenced him outside the guidelines, and there is nothing harsh or excessive about an aggregate sentence of ten-to-20 years in prison for shooting a man during a home invasion robbery. His claim that he was not the shooter is unavailing, as he is responsible for all of the natural and foreseeable consequences of his decision to participate in an armed, person-present, home invasion robbery. Under these circumstances, gun-violence was not only foreseeable, but probable. Thus, this case does not present the "most extreme" of circumstances that would make the question at hand a substantial one.

Commonwealth's Brief at 29-31.

We agree with the Commonwealth. Mitchell's sentence does not raise a substantial question concerning the discretionary aspects of sentencing. We therefore decline to exercise jurisdiction over his fifth and final issue.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2023