J-A15027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY BRUCE LOFTON | : | |
| | : | |
| Appellant | : | No. 36 MDA 2024 |

Appeal from the Judgment of Sentence Entered December 5, 2023
In the Court of Common Pleas of Clinton County Criminal Division at
No(s):  CP-18-CR-0000420-2019

BEFORE:   DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:                    **FILED: JULY 12, 2024**

Anthony Bruce Lofton ("Lofton") appeals from the judgment of sentence imposed by the Clinton County Court of Common Pleas following the revocation of his probation.  On appeal, Lofton challenges the discretionary aspects of his sentence.  We affirm.

Lofton was arrested and charged with numerous crimes—including strangulation—stemming from a domestic violence incident with his paramour that occurred on May 29, 2019.  On November 4, 2019, Lofton pled guilty to strangulation.  The trial court subsequently sentenced Lofton to twelve months less one day to twenty-four months less one day in county jail, to be followed by a consecutive term of five years of probation.  On June 11, 2020, Lofton

_____

[*] Former Justice specially assigned to the Superior Court.

was released from prison, and he successfully served the parole portion of his sentence without incident. On July 22, 2022, Lofton tested positive for the use of methamphetamine, amphetamine, and admitted to the use of alcohol, in violation of his probation. The trial court revoked Lofton's probation and on August 22, 2022, sentenced him to twelve months less one day to twenty-four months less one day in prison, followed by three years of probation. The trial court, however, immediately paroled Lofton, as he had already served his minimum term at the time of sentencing. On October 20, 2022, Lofton again admitted to using methamphetamine and alcohol. On December 5, 2022, the trial court revoked Lofton's parole, but immediately re-paroled him.

Relevant herein, while Lofton was serving the probationary term of his second revocation sentence, he again admitted he was using controlled substances. As a result, the trial court revoked Lofton's probation, and deferred sentencing pending the completion of an updated presentence investigation report. On December 5, 2023, the trial court held a sentencing hearing, at which it considered the updated pre-sentence investigation report, a victim impact statement, Lofton's rehabilitative needs, his repeated probation and parole violations, and his substance abuse issues. The trial court ultimately sentenced Lofton to serve a prison term of 24 to 84 months, with credit for time served of 552 days.

On appeal, Lofton presents the following issue for our review: "Did the trial court abuse its discretion when it imposed a minimum incarceration term at the absolute top end of the resentencing range?"  Lofton's Brief at 4.

The sole issue raised by Lofton challenges the discretionary aspects of his sentence.  "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute."  ***Commonwealth v. Baker***, 311 A.3d 12, 18 (Pa. Super. 2024) (citation omitted); ***see also Commonwealth v. Cartrette***, 83 A.3d 1030, 1039 (Pa. Super. 2013) (noting there is "no distinction between discretionary sentencing claims generally and those that arise from revocation proceedings").  For a challenge to the discretionary aspect of a sentence,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [708(E) (regarding post-sentence motions after revocation)]; (3) whether appellant's brief [contains a concise statement of reasons relied upon for allowance of appeal pursuant to] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Baker***, 311 A.3d at 18 (citation and brackets omitted).

Lofton filed a timely notice of appeal.  Lofton did not, however, properly preserve the issue at sentencing or in a post-sentence motion.  ***See Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa. Super. 2008) (stating that "when a court revokes probation and imposes a new sentence, a criminal

defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion"). His claim is therefore waived. **See id.**[1]

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/12/2024

---

[1] Even if Lofton did not waive his claim, we would conclude that the trial court did not abuse its discretion in imposing the probation revocation sentence. Here, the trial court imposed a sentence of total confinement after considering the updated pre-sentence investigation report, the victim impact statement, Lofton's multiple failures to complete supervision, his substance abuse problems, concluding that parole and probation were ineffective in rehabilitating Lofton. **See** N.T., 12/5/2023, at 6-8. When a sentencing court is informed by a pre-sentence investigation report, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Miller**, 275 A.3d 530, 535 (Pa. Super. 2022) (citation omitted).