J-S07035-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RODNEY R. ROBERTS II | : | |
| | : | |
| Appellant | : | No. 506 MDA 2023 |

Appeal from the Judgment of Sentence Entered March 1, 2023
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001391-2020

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:          **FILED: AUGUST 21, 2024**

Rodney R. Roberts II appeals from the judgment of sentence imposed following the revocation of his probation after originally pleading guilty to one count of driving under the influence ("DUI") at the highest rate of alcohol, 75 Pa.C.S. § 3202(c).[1] On appeal, Roberts singularly challenges the discretionary aspects of his sentence. As Roberts failed to preserve this claim for appellate review, we affirm.

As gleaned from the record, after originally having been sentenced to probation, Roberts was alleged to have been: (1) prematurely discharged from Franklin County's "Good Wolf Treatment Court"; (2) charged with a new crime,

---

* Retired Senior Judge assigned to the Superior Court.

[1] Roberts's DUI conviction was his second. Correspondingly, this offense was graded as a first-degree misdemeanor, *see* 75 Pa.C.S. § 3803(b)(4). Roberts was initially sentenced to sixty months of probation, subject to seventy-five days of electronic alcohol monitoring as well as enrollment in treatment court.

i.e., simple assault; and (3) consuming alcohol. ***See*** Trial Court Opinion, 5/17/23, at 2. Ultimately, Roberts admitted to these allegations, probation was revoked, and he was sentenced to a thirty-to-sixty-month term of incarceration. Roberts timely filed a notice of appeal from this sentence.[2]

On appeal, Roberts presents one issue for this Court's review:

1. Did the trial court commit an abuse of discretion sentencing him to the statutory maximum where he had completed twenty months of Good Wolf Treatment Court and had previously worn a SCRAMX bracelet for seventy-five days?

Appellant's Brief, at 4.

As Roberts challenges the discretionary aspects of his sentence, we employ the following precepts:

Challenges to the discretionary aspects of sentence are not appealable as of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms. ***Id***. An appellant must satisfy all four requirements. ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013).

_____

[2] The court subsequently granted Roberts *nunc pro tunc* relief by allowing him to file a tardy concise statement of errors complained of on appeal, as the twenty-one day period for the filing of that document had elapsed. The trial court subsequently filed a Pa.R.A.P. 1925(a) opinion on May 17, 2023.

*Commonwealth v. Miller*, 275 A.3d 530, 534 (Pa. Super. 2022), *appeal denied*, 302 A.3d 626 (Pa. 2023).

Here, Roberts indicates that "[t]he second prong regarding the preservation of [his] issue was unable to be determined due to the unavailability of the transcript of the proceeding to the trial court at the time of [it] issuing [its] 1925(a) Order and Opinion." Appellant's Brief, at 11. However, Roberts also states in his brief that "[t]he sentence transcript has since been obtained by counsel." *Id*., at 7 (establishing, further, that a copy of the transcript has been appended to his brief, marked as Exhibit 2). Roberts has not pointed to any place in the record where this discretionary aspects claim has been preserved, either through a contemporaneous objection at sentencing or via the filing a post-sentence motion. Furthermore, our independent review of both the transcript and docket have not uncovered any basis for preservation of this claim. At sentencing, Roberts indicated that he did not have any questions about his sentence. *See* N.T., 3/1/23, at 11. Roberts's attorney also specified that he had the chance to speak with Roberts about his post-sentence rights off the record. *See id*. In addition, there is no docket entry reflecting the filing of a post-sentence motion.

As Roberts failed to preserve his discretionary aspects challenge in the trial court, we find his sole issue on appeal waived, and we affirm his judgment

of sentence.[3]

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/21/2024

---

[3] Despite finding that the discretionary sentencing issue was not preserved, we note that Roberts's brief is deficient in several respects. First, Roberts has not provided any authority in his argument section other than several citations to our Rules of Appellate Procedure. Second, Roberts's Pa.R.A.P. 2119(f) statement, to the extent that it exists, blends into the body of his argument section, with no distinct separation between these two sections of the brief. Third, although he is presumably trying to argue that the trial court ignored mitigating circumstances when imposing his sentence, it is fundamentally unclear what substantial question Roberts is trying to raise.