J-S33006-25
J-S33007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ARSHAD CURRY | : | |
| | : | |
| Appellant | : | No. 54 EDA 2025 |

Appeal from the Judgment of Sentence Entered August 2, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003213-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ARSHAD CURRY | : | |
| | : | |
| Appellant | : | No. 56 EDA 2025 |

Appeal from the Judgment of Sentence Entered August 2, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003295-2022

BEFORE: BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BOWES, J.: **FILED OCTOBER 15, 2025**

Arshad Curry appeals from the judgments of sentence, which imposed an aggregate term of forty-two and one-half to eighty-five years of incarceration, following his open guilty pleas at dockets 3213-2022, 3214-2022, and 3295-2022.[1] We affirm.

---

[1] We dismissed the appeal filed in case 3214-2022, which was docketed in this Court at 55 EDA 2025, for failure to file a brief. We address the remaining appeals together as the sole issue raised in each is identical.

By way of background, Appellant was charged in separate cases with offenses relating to his involvement in three different shooting events. The court described the underlying incidents and Appellant's apprehension thusly:

On July 21, 2021, Appellant got into a van with two other people on the 4300 block of Pennsgrove Street. Appellant's group then drove to 251 N. 56th Street, and Appellant repeatedly fired, at least seventeen times, at a group of teenagers. This shooting resulted in the death of sixteen-year-old Kaylin Johnson, and eighteen-year-old Tommir Frazier. Further, sixteen-year-old, Damon McNeil required treatment for a gunshot wound to his shoulder. After the shooting, Appellant and his co-conspirators returned to the 4300 block of Pennsgrove.

. . . .

On September 16, 2021, Appellant and another individual went to the 2900 block of Weikel Street to look for the [Sessoms] family. Upon reaching Mr. Sessoms' porch, Appellant and his co-conspirator repeatedly shot Mr. Sessoms through his screen door. [He survived the attack. However, u]pon hearing the gunshots, Mr. Sessoms'[s] son, [nineteen-year-old] Sidney Sessoms, ran up the stairs from the basement. Upon making it up the stairs, Sidney Sessoms [wa]s shot in his chest and arm[ and died] later that day.

Police responded to the shooting scene at the 2900 block of Weikel. Upon arrival, officers heard several gunshots and saw a muzzle flash in their direction from the intersection of Monmouth and Weikel. Police officers began surveying the nearby area and the shooting scene. During this search, police recovered [three] fired bullet cases at the intersection near where they saw a muzzle flash. After recovering the bullet cases, police located Appellant under an SUV on Monmouth Street near the shooting scene.

After Appellant was arrested[,] police recovered [his] loaded 9mm handgun with an extended capacity magazine and a fired cartridge case in the chamber. The Firearms Identification Unit determined that all of the fired 9mm cartridge cases that police recovered at the shooting scene were from Appellant's recovered handgun.

Trial Court Opinion, 2/13/25, at 3-5 (citations and unnecessary articles omitted). Appellant subsequently admitted to his role in the first shooting and that the victims were not his intended target. "Rather, [he] confirmed that [they] were only killed because they shared a vehicle with the intended target on their way home from school." *Id*. at 4 (cleaned up).

The Commonwealth charged Appellant at 3213-2022 with the Sessoms shooting, at 3214-2022 with firing at the police officers, and at 3295-2022 with the initial attack. He entered guilty pleas on September 27 and October 27, 2023, to three counts of third-degree murder and two counts each of attempted murder, conspiracy, and assault of a law enforcement officer. Sentencing was deferred until August 2, 2024. Before imposing the above-referenced sentence, the court considered the presentence investigation ("PSI") report, a mental health evaluation, a mitigation report, the sentencing guidelines, victim impact statements, Appellant's allocution, and argument from counsel.

The Commonwealth sought consecutive sentences, but the trial court decided to impose most of the terms of incarceration concurrently. Specifically, it sentenced Appellant to seventeen and one-half to thirty-five years at each count of third-degree murder, to be served concurrently to each other; seventeen and one-half to thirty-five years for each conspiracy, again to be served concurrently; a consecutive term of five to ten years for attempted murder at docket 3213-2022; a concurrent term of two and one-half to five years for attempted murder at 3295-2022; and twenty to forty

- 3 -

years for each count of assault of a law enforcement officer, which were to be served concurrent to each other but consecutive to the remaining counts.

Appellant filed nearly identical timely post-sentence motions, asking that his "sentence be lowered to even further in the mitigated range for various reasons set forth at his sentencing hearing, his [PSI] report, and his mitigation evaluation report." Post Sentence Motion (3213-2022), 8/12/24, at ¶ 3; Post Sentence Motion (3295-2022), 8/12/24, at ¶ 3. Ultimately, both were denied by operation of law and these timely appeals followed. Appellant and the trial court complied with the dictates of Pa.R.A.P. 1925.[2] Appellant presents the same, single issue at each appeal:

1. Did the lower court abuse its discretion by sentencing Appellant to a manifestly excessive sentence of [forty-two and one-half] to [eighty-five] years, where this sentence far surpassed what was required to protect the public, and failed to adequately take into account Appellant's rehabilitative needs, mitigating evidence, and the circumstances of the offense?

Appellant's brief (54 EDA 2025) at 3 (capitalization altered); Appellant's brief (56 EDA 2025) at 3.

Preliminarily, we note that we may review this claim, notwithstanding the general rule that guilty pleas result in "a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea[,]" because Appellant's pleas did

---

[2] Appellant filed separate Rule 1925(b) statements at each docket. The court authored a single opinion responding to the appeals from dockets 3213-2022 and 3295-2022, and noted that Appellant had waived all claims at docket 3214-2022 because he did not submit a timely Rule 1925(b) statement.

not include any agreement as to sentencing. *See Commonwealth v. Alameda*, 339 A.3d 504, 511 (Pa.Super. 2025) (cleaned up). Before reaching the merits, though, we must first ascertain whether Appellant has satisfied the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Id*. at 512 (cleaned up). A substantial question exists where "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Id*. (cleaned up). Critically, "we cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." *Id*. (cleaned up).

Here, Appellant timely filed both post-sentence motions and notices of appeal and included a Rule 2119(f) statement in each brief. In that statement, he avers that the aggregate sentence is "manifestly excessive and was imposed without giving due consideration to substantial mitigating factors in the record." Appellant's brief (54 EDA 2025) at 5; Appellant's brief (56 EDA 2025) at 5. He did not preserve an excessiveness claim at sentencing or in his post-sentence motions. Therefore, that claim is waived. *See Commonwealth v. Rivera*, 238 A.3d 482, 499 (Pa.Super. 2020) (holding

that discretionary sentencing challenges were waived when the appellant "failed to raise his specific appellate claims in his post-sentence motion" (citations omitted)). However, he preserved his challenge to the court's insufficient consideration of mitigating factors.

Next, we must determine whether the preserved argument raises a substantial question. The Commonwealth argues that it does not because this Court has previously ruled a claim of inadequate consideration of mitigating factors did not pose a substantial question.[3] *See* Commonwealth's brief at 7-8. Upon review, we reach the same conclusion. We acknowledge that an excessive sentencing claim, in conjunction with an assertion that the trial court failed to consider mitigating factors, constitutes a substantial question. *See Commonwealth v. Miller*, 275 A.3d 530, 534 (Pa.Super. 2022). However, this Court has "held on numerous occasions that a claim of **inadequate** consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa.Super. 2013) (emphasis added). Therefore, Appellant's discretionary claim does not warrant a merits review.

Nonetheless, even if we were to reach the merits of Appellant's appeals, he would not be entitled to relief. To succeed on a discretionary sentencing claim, "the appellant must establish, by reference to the record, that the

---

[3] The trial court opined, prior to Appellant including the determinative Rule 2119(f) statement in his brief, that he had not presented a substantial question. *See* Trial Court Opinion, 2/13/25, at 7-9.

sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Rivera*, 238 A.3d at 498 (cleaned up). Additionally, it is well-settled that "[d]efendants convicted of multiple offenses are not entitled to a volume discount on their aggregate sentence." *Commonwealth v. Pisarchuk*, 306 A.3d 872, 881 (Pa.Super. 2023) (cleaned up).

Here, the court considered, *inter alia*, the PSI, mental health, and mitigation reports. Informed thereby, it determined that concurrent guideline sentences for Appellant's murder convictions, "below the requested sentence of the prosecution[,]" who had sought consecutive terms, were appropriate in recognition of "Appellant's mitigation evidence[.]" Trial Court Opinion, 2/13/25, at 9. In his briefs, Appellant asks us to find that the trial court should have placed even more weight upon Appellant's mitigating factors and to vacate the judgments of sentence and remand for the imposition of lesser ones. *See* Appellant's brief (54 EDA 2025) at 7 ("The lower court focused inequitably on the gravity of offense factors[ and] did not adequately consider . . . Appellant's rehabilitative factors, mitigating evidence, and the circumstances of the offense." (cleaned up)); Appellant's brief (56 EDA 2025) at 7 (same).

This we cannot do:

> The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. In conducting appellate review, this Court cannot reweigh sentencing factors and impose

> judgment in place of sentencing court where lower court was fully
> aware of all mitigating factors.

**Pisarchuk**, 306 A.3d at 879–80 (cleaned up). Moreover, "[w]here the trial court had the benefit of reviewing a [PSI] report, we must presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Reid**, 323 A.3d 26, 31 (Pa.Super. 2024) (cleaned up).

Based on the foregoing, even if the merits were before us in these appeals, we would have no cause to disturb Appellant's judgments of sentence. Therefore, we affirm.

Judgments of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/15/2025