J-S45039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL LEE COON | : | |
| | : | |
| Appellant | : | No. 335 MDA 2025 |

Appeal from the Judgment of Sentence Entered February 26, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006165-2023

BEFORE:   STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED: APRIL 20, 2026**

Appellant, Michael Lee Coon, appeals from the judgment of sentence imposed by the Court of Common Pleas of York County following his entrance of a partially-negotiated guilty plea to two counts of unlawful contact with a minor.[1] He challenges the discretionary aspects of his sentence. After careful review, we affirm.

The trial court summarized the facts of this case as follows:

On October 19, 2023, [York County] law enforcement received a phone call from Bridgeport, West Virginia police[,] who reported on [their] undercover operation[,] in which police assumed the identity of "Mandy" a purported fifteen-year-old female. The officer stated that he was speaking to [Appellant] in an undercover capacity. [Appellant] expressed that he wanted Mandy to come to his residence in Hanover, Pennsylvania[,] to have sex with him in

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 6318(a)(1).

exchange for cash. During an interview with police, [Appellant] admitted to conversing with what he thought was a fifteen-year-old girl and offering money for anal sex and other sexual acts. He told the police that he had just been released from jail and wanted to meet someone as he was tired of being alone.

[Appellant] was charged with two counts of unlawful contact with a minor, both classified as first-degree felonies, and one count of criminal use of a communication facility, a felony of the third degree. On November 8, 2024, [Appellant] entered into a negotiated guilty plea to the two counts of unlawful contact with a minor. The agreement provided for a sentence of ten (10) to twenty (20) years, leaving to the court's discretion whether the sentence would run concurrently or consecutively.

On February 26, 2025, the court sentenced [Appellant] to ten (10) and twenty (20) years of incarceration on each count, to be served consecutively, for an aggregate term of twenty (20) to forty (40) years. In addition to the terms of incarceration, the court imposed consecutive terms of three years' probation for each count pursuant to 42 Pa.C.S. §[ ]9718.5 (requiring the imposition of a consecutive three-year term probation for sentences for Tier III sexual crimes). The court had the benefit of a pre-sentence investigation report at the time of sentencing. The court adopted the probation office's recommendation that the sentences run consecutively citing [Appellant's] extensive criminal history and the fact that these offenses were committed shortly after his release from incarceration.

Trial Court Opinion, 5/21/25, at 1-2 (unnecessary capitalization and citations omitted; brackets added).

Appellant did not file a post-sentence motion. Then, Appellant filed a timely *pro se* notice of appeal, and he and the court complied with Pennsylvania Rule of Appellate Procedure 1925. ***See*** Notice of Appeal, 3/10/25; Rule 1925(b) Order, 3/20/25; Rule 1925(b) Statement, 4/10/25;

Trial Court Opinion, 5/21/25.[2] Appellant also filed a motion for leave to file an amended Rule 1925(b) statement, which the court granted. **See** Motion, 4/15/25; Order, 4/17/25. Appellant thereafter timely filed the amended statement. **See** Rule 1925(b) Amended Statement, 4/17/25.

Appellant raises one question for our review:

> Did the sentencing court abuse its discretion [in] running [Appellant's] two maximum terms of incarceration consecutively, for a total of 20 to 40 years' incarceration, where the aggregate sentence is so extreme in light of significant mitigation as well as the conduct in question – a single exchange with a police officer posing as a 15-year-old – that consecutive terms are unduly punitive and clearly unreasonable?

Appellant's Brief at 4.

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2015) (*en banc*). Since Appellant is challenging the discretionary aspects of sentencing, he must invoke this Court's jurisdiction by satisfying a four-part test:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly

---

[2] Appellant filed an application for leave to appeal *in forma pauperis* together with his *pro se* notice of appeal, asserting that prior counsel failed to provide him adequate representation at his guilty plea hearing. **See** Application for Leave to Appeal *in Forma Pauperis*, 3/6/25. The York County Clerk of Courts directed Appellant to submit an *in forma pauperis form*, which he filed on March 12, 2025. **See** Motion, 3/12/25. The court thereafter granted Appellant *in forma pauperis* status. **See** Order, 3/20/25. New appellate counsel entered their appearance and filed Appellant's court-ordered Rule 1925(b) statement and appellate brief. **See** Entry of Appearance, 3/28/25.

preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Brown*, 249 A.3d 1206, 1210 (Pa. Super. 2021) (citing *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation and brackets omitted)). "Only if the appeal satisfies these requirements may we proceed to decide the substantive merits of Appellant's claim." *Commonwealth v. Luketic*, 162 A.3d 1149, 1159-60 (Pa. Super. 2017).

Here, Appellant has met the first and third requirements of the four-part test. *See Moury*, 992 A.2d at 170. However, he did *not* raise a challenge to the discretionary aspects of his sentence at his sentencing hearing, nor did he file a post-sentence motion. *See Commonwealth v. Clary*, 226 A.3d 571, 579 (Pa. Super. 2020) ("To properly preserve an issue challenging the discretionary aspects of sentencing, a defendant must object and request a remedy at sentencing, or raise the challenge in a post-sentence motion."); Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Therefore, in the absence of either a contemporaneous objection at the sentencing hearing or a post-sentence motion, raising a discretionary sentencing challenge, we find the issue waived. *See Commonwealth v. Miller*, 275 A.3d 530, 534 (Pa. Super. 2022) (to invoke appellate jurisdiction for review of discretionary sentencing issue, appellant must preserve the issue at sentencing or in motion to reconsider and modify sentence).

Even if Appellant's claim wasn't waived for lack of preservation, we agree with the sentencing court that Appellant failed to raise a substantial question. **See** Trial Court Opinion, 5/21/25, at 2-3.[3] In his Rule 2119(f) statement, Appellant admits that the imposition of consecutive sentences "do not ordinarily raise a substantial question." Appellant's Brief at 11 (citing **Commonwealth v. Caldwell**, 117 A.3d 763, 769 (Pa. Super. 2015) (*en banc*)). However, in **Mastromarino**, our Court found that "the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises an aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue." **Commonwealth v. Mastromarino**, 2 A.3d 581, 587 (Pa. Super. 2010). Appellant argues that the trial court abused its discretion by imposing consecutive sentences resulting in an aggregate term of twenty to forty years of imprisonment. **See** Appellant's Brief at 11. He contends his sentence was unduly harsh considering the nature of his conduct – arising from a single

---

[3] The existence of a substantial question must be determined on a case-by-case basis. **See Commonwealth v. Sexton**, 222 A.3d 405, 420 (Pa. Super. 2019) (citation omitted). This Court will not look beyond the statement of questions involved and the prefatory Rule 2119(f) statement to determine whether a substantial question exists. **See Commonwealth v. Reid**, 323 A.3d 26, 30 (Pa. Super. 2024) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Lawrence**, 313 A.3d 265, 285 (Pa. Super. 2024) (citation omitted).

exchange with a police officer posing as a minor – and his mental issues, thereby raising a substantial question. *See id.*

"Generally, Pennsylvania law 'affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question.'" *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011) (citation omitted). Rather, a substantial question is present in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Swope*, 123 A.3d 333, 338 (Pa. Super. 2015) (citation omitted).

Here, Appellant merely makes conclusory remarks that the sentence is excessive in light of his mental health and the conduct of the crime. *See* Appellant's Brief at 11. Appellant entered a negotiated plea and admitted at his plea hearing that he was conversing with a fifteen-year-old and offered her money for sexual acts. *See* N.T. Plea Hearing, 11/8/24, at 4-5. Additionally, he fails to explain how the sentencing court's actions were inconsistent with the Sentencing Code or show that his sentence was contrary to fundamental norms. *See Lawrence*, 313 A.3d at 285 (Pa. Super. 2024).[4]

_____

[4] Even if Appellant raised a substantial question, here, a PSI report exists and was discussed at the sentencing hearing. *See* N.T. Sentencing Hearing,
*(Footnote Continued Next Page)*

On the face of the record, the imposition of consecutive sentences for separate attempts to solicit sexual acts from a person Appellant believed to be a minor does not present "most extreme circumstances" required to raise a substantial question for our review.

Accordingly, we find Appellant's sole issue waived and unreviewable.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/20/2026

---

2/26/25, at 2. Where the sentencing court had the benefit of a PSI, we can assume the court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Watson**, 228 A.3d 928, 936 (Pa. Super. 2020) (citation omitted). Additionally, upon review, we find that the sentencing court considered the circumstances of the offense and the character of the defendant, paying particular attention to defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. **See** N.T. Sentencing Hearing, 2/26/25, at 9-10; **Commonwealth v. Summers**, 245 A.3d 686, 693 (Pa. Super. 2021) (citation omitted). Thus, Appellant's claim would have been meritless assuming *arguendo* that he had properly invoked our jurisdiction.