J-A11025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADIEL SANCHEZ-FROMETA | : | |
| | : | |
| Appellant | : | No. 1573 MDA 2023 |

Appeal from the Judgment of Sentence Entered October 14, 2021
In the Court of Common Pleas of Franklin County
Criminal Division at No: CP-28-CR-0002072-2016

BEFORE: BOWES, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.: **FILED: SEPTEMBER 10, 2024**

Appellant, Adiel Sanchez-Frometa, appeals from the judgment of sentence the Court of Common Pleas of Franklin County imposed on October 13, 2021. On appeal, Appellant challenges the discretionary aspects of his sentence. Upon review, we affirm.

The trial court summarized the relevant background as follows.

On October 10, 2019, following a four-day jury trial, [Appellant] was found guilty of second-degree murder, robbery of a motor vehicle, and theft in connection to the carjacking and stabbing death of a fellow teenager. On December 13, 2019, [the trial court] held a sentencing hearing where both parties presented expert testimony and oral argument on the issue of whether a sentence of life imprisonment without parole was authorized and warranted. At the conclusion of the hearing, [the trial court] sentenced [Appellant] on the count of second-degree murder to life imprisonment in a State Correctional Institution without the possibility of parole.

On December 23, 2019, [Appellant] filed optional post-sentence motions pursuant to Pa.R.Crim.P. 720(B), arguing that the trial

court erred in sentencing [Appellant] to a life sentence without parole. A hearing was held on [Appellant]'s post-sentence motions on March 9, 2020. On April 20, 2020, [the trial court] denied [Appellant]'s post-sentence motions.

[Appellant] filed a timely notice of appeal from the order of court denying his post-sentence motions on May 15, 2020. The Superior Court of Pennsylvania issued a decision on May 25, 2021 vacating [Appellant]'s sentence of life without parole and remanding the case back to the trial court for resentencing in accordance with the Superior Court's decision. [*See Commonwealth v. Sanchez-Frometa*, 256 A.3d 440 (Pa. Super. May 25, 2021)].

[The trial court]'s held a resentencing hearing on October 14, 2021. At the conclusion of the hearing, [the trial court] resentenced [Appellant] to a term of 40 years to life on the count of second-degree murder, and 7 to 14 years on the count of robbery of a motor vehicle, to be served concurrently. [Appellant] did not file timely post-sentence motions or direct appeal, but did file a Post-Conviction Relief Act petition on November 3, 2022, claiming ineffective assistance of counsel.

[The trial court] granted [Appellant]'s petition for post-conviction relief on June 20, 2023, reinstating [Appellant]'s direct and post-sentence motion rights and allowing [Appellant] to file a counseled post-sentence motion nunc pro tunc within 10 days. [Appellant] timely filed post-sentence motions on June 27, 2023.[1] Following multiple continuances, and the [trial] court granting a 30-day extension of the 120-day disposition period for adjudicating an optional post-sentence motion, a hearing on [Appellant]'s post-sentence motions was finally held on October 24, 2023. On October 27, 2023, [the trial court] filed an order denying [Appellant]'s post-sentence motions.

Trial Court Opinion, 12/18/23, at 1-3 (cleaned up).

_____

[1] In his post-sentence motions, Appellant raised two issues: (1) Whether the sentence imposed was unreasonable and excessive in view of sentencing considerations set forth by 42 Pa.C.S.A. § 9721(b) and (2) Whether the trial court properly considered and weighed the sentencing considerations set forth in 42 Pa.C.S.A. § 9721(b).

This appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant essentially argues that the sentencing court abused its discretion in applying 42 Pa.C.S.A. § 9721(b)[2] by: (i) focusing exclusively on the seriousness of the offense, and (ii) failing to adequately consider the other sentencing factors set forth in 42 Pa.C.S.A. § 9721(b). **See** Appellant's Brief at 16. As presented, therefore, Appellant's claim challenges the discretionary aspects of his sentence. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1041 (Pa. Super. 2013) ("A sentencing court's failure to follow the pertinent aspects of § 9721(b) do not result in an illegal sentence, but pertain to discretionary sentencing matters.")[3]

---

[2] Section 9721(b), which governs sentencing generally, provides that the sentencing court must "follow the general principle that the sentence imposed should call for total confinement that is consistent . . . [with] the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

[3] In resentencing Appellant for second-degree murder that he committed as a 17-year-old juvenile, the sentencing court is required to apply traditional sentencing considerations under the Sentencing Code, rather than sentencing factors set forth in **Miller v. Alabama**, 567 U.S. 460 (2012) and codified in the Sentencing Code, where Commonwealth did not request LWOP sentence. **See**, **e.g.**, **Commonwealth v. Shabazz-Davis**, 2022 WL 17175, unpublished memorandum at *6 (Pa. Super. filed January 3, 2022) (petition for allowance of appeal denied, 280 A.3d 869 (Pa. 2022); **Commonwealth v. Miller**, 275 A.3d 530, 535 (Pa. Super. 2022); **Commonwealth v. Summers**, 245 A.3d 686 (Pa. Super. 2021).

Challenges to the discretionary aspects of sentencing are not entitled to appellate review as a matter of right. **Commonwealth v. Clemat**, 218 A.3d 944, 959 (Pa. Super. 2019). Rather, such challenges are considered petitions for allowance of appeal. **Id.** Thus, an appellant must invoke our jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. **Id.**

Here, Appellant filed a timely notice of appeal, properly preserved the issue in a motion for reconsideration/modify sentence and his appellate brief included a Rule 2119(f) statement. Finally, Appellant raised a substantial question for our review. **See Commonwealth v. Macias**, 968 A.2d 773, 776 (Pa. Super. 2009) (internal citations omitted) ("[A]n averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question"); **Commonwealth v. Riggs**, 63 A.3d 780, 786 (Pa. Super. 2012) (An averment that "the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of Appellant, as 42 PA.C.S.A. § 9721(b) requires[,]" presents a substantial question for our

review in typical cases).  Accordingly, we can proceed to reviewing the merits of his claim.

As noted above, the gravamen of Appellant's sentencing argument is that the trial court weighed the seriousness of the crimes "to an extent that it entirely excluded meaningful consideration of the other statutory sentencing factors."  Appellant's Brief at 16.  Appellant concludes that we should vacate the current sentence (40 years to life) and remand to the trial court for the imposition of the statutory minimum sentence (30 years).  As noted above, the claim involves the discretionary aspects of his sentence.

Our standard of review regarding challenges to the discretionary aspects of sentencing is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill[-]will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

> [A] sentencing court abuses its discretion when it considers the criminal act, but not the criminal himself. The Sentencing Code prescribes individualized sentencing by requiring the sentencing court to consider the protection of the public, the gravity of the offense in relation to its impact on the victim and the community, and the rehabilitative needs of the defendant, [ ] and prohibiting a sentence of total confinement without consideration of "the nature and circumstances of the crime[,] and the history,

character, and condition of the defendant[.]" 42 Pa.C.S.[A.] § 9725.

***Commonwealth v. Luketic***, 162 A.3d 1149, 1160-61 (Pa. Super. 2017)

(some internal citations and quotation marks omitted).

> Subsection 9721(b) of the Sentencing Code provides that the court shall fashion a sentence "that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). On appeal, a sentence that is within the sentencing guidelines will not be vacated unless it is "clearly unreasonable." 42 Pa.C.S. § 9781(c). We consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the sentencing guidelines. 42 Pa.C.S. § 9781(d).

***Shabazz-Davis***, 2022 WL 17175, at *6.[4]

> The balancing of the sentencing factors is the sole province of the sentencing court. ***Commonwealth v. Bricker***, 41 A.3d 872, 876 (Pa. Super. 2012). Further, we recognize that the sentencing court, which is present at the hearing and observes all witnesses and the defendant firsthand, "is in a superior position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime." ***Commonwealth v. Lekka***, 210 A.3d 343, 353 (Pa. Super. 2019). Notably, where a sentencing court is informed by a PSI, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1135 (Pa. Super. 2009).

***Miller***, 275 A.3d at 535.

---

[4] Pursuant to Pennsylvania Rule of Appellate Procedure 126, unpublished, non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. Pa.R.A.P. 126(b).

On appeal, a sentence that is within the sentencing guidelines will not be vacated unless it is clearly unreasonable. *See* 42 Pa.C.S.A. § 9781(c). We consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the sentencing guidelines. 42 Pa.C.S.A. § 9781(d).

Our review of the record in this case reveals the resentencing court did not abuse its discretion in sentencing Appellant to a term of 40 years to life. The same judge sentenced Appellant at both the original sentencing and resentencing hearings. At sentencing, the trial court considered the presentence investigation report, and specifically acknowledged it addressed the severity of the crime, the impact of the offenses on the victim, the impact on the community, the threat to the safety of the public or any individual posed by Appellant, and the nature and circumstances of the offense committed by Appellant. *See* N.T. Sentencing, 9/13/2019, at 191. At sentencing, the Commonwealth presented six witnesses, in addition to a detective and an expert. Appellant presented the testimony of his own expert and addressed the court himself.

At the resentencing, the trial court took no additional evidence, and it incorporated "the entirety of the evidence in the trial, the entirety of the evidence that has been presented in prior proceedings taking into account

then the directives of the appellate decision in this case". N.T. Resentencing, at 8. Furthermore, the court acknowledged it presided over the prior sentencing proceeding and that it had been presented evidence relating to Appellant's education, sophistication, and mental development. N.T. Resentencing, 10/14/21, at 6.

Regarding the unreasonableness and excessiveness claims, the trial court first noted that Appellant's sentence (40 years to life) is within the standard range, and then explained its imposition, noting that

> at the time of resentencing the [trial court] declined to sentence at the statutory minimum due to the level of violence, and the callousness of [Appellant]'s disregard for life on the night of the victim's murder. As the [trial court] explained, "there is evidence in this case to suggest that [Appellant] could appreciate what was happening, did appreciate what was happening, and callously chose to attack and kill [the victim] and it's just – it's something that [the trial court] thinks that to suggest that [Appellant] in this particular case should be sentenced merely to the at least 30 years or no less than 30 years for [the trial court] still goes to the idea that there's just seemingly [a] lack of appreciation for the consequences of such actions before they would be a consideration on parole." [(quoting N.T. Resentencing Hearing, 10/14/21, at 7:3-12)]. The [trial court] considered Appellant's circumstances, age, mental development, evidence at trial, and evidence at the prior sentencing proceeding[.] [citing *Id*. at 6:5-12].

Trial Court Opinion, 10/27/23, at 5 (footnotes omitted).

Finally, the trial court, quoting from *Summers*, noted that "it was within the resentencing court's discretion to place emphasis on the serious nature of this crime. Second-degree murder is a serious crime; serious enough that our legislature deemed it warranted a mandatory minimum of 30 years'

- 8 -

incarceration even for juveniles convicted after [**_Miller v. Alabama_**]."

**_Summers_**, 245 A.3d at 696.

Regarding the claim that the trial court did not properly consider and/or weigh the sentencing consideration set forth in 42 Pa.C.S.A. § 9721(b), the trial court noted:

> The [trial c]ourt accepts that this criminal act may very well be the sole criminal act committed by [Appellant] in his lifetime, and that presumably [Appellant] would be capable of rehabilitation. The Commonwealth's expert, Dr. Larry Rotenberg, a forensic psychiatrist, diagnosed [Appellant] with antisocial personality disorder, stating that typically these types of disorders "burn out" when individuals are in their fifties or sixties. [Appellant]'s expert, Dr. Jeffrey Lensbower, a licensed psychologist, stated that individuals with antisocial personality disorder tend to see a significant change in their forties. [Appellant] argues that this shows that [Appellant] should be free of his antisocial personality disorder well before the minimum sentence imposed upon him by the [trial court] has elapsed, and as such, the [trial court]'s determination of sentence beyond the statutory minimum was excessive. However, the consideration of rehabilitative needs must be viewed along with others, and nowhere does the statute tell us that the considerations must be weighed equally. The statute only requires that, the "court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." [quoting 42 Pa.C.S.A. § 9721(b)]
>
> In consideration of public safety, the lack of justification and lack of remorse demonstrated by [Appellant] suggests the protection of the public would be best served by means of incarceration. It is to be noted that [Appellant]'s own expert, Dr. Lensbower, after clinical examination of [Appellant], described him as "lacking empathy, lacking remorse" and described the murder as simply "a consequence of […] him trying to take the car." As the testimony of Dr. Lensbower indicates, [Appellant]'s view of his rationale for murdering the victim was a mere consequence of his desire to commit a robbery. [The trial court] does not find the public interest is best served by allowing the integration of this individual – who simply lacks impulse control, remorse, and empathy – into

the community any earlier than the minimum of his imposed sentence.

Finally, there is simply no denying the brutality of this murder and the impact this tragedy has had on the victim's family. In order to ensure the consequences are fully adequate and represent what the [the trial court] and jury have observed, the [trial court] finds it appropriate to sentence [Appellant] to a proportional punishment within the [trial court]'s discretion. The judicial system possesses the unique capability to express society's disapproval of wrongdoings through the imposition of incarceration as punishment. This form of retribution may potentially serve as a deterrent for future crimes, but also, the goal of imposing a sentence is to provide a consequence that reflects the severity of the offense and acknowledges the harm suffered.

These consequences are recognized by the legislature and the sentencing commission by statute, rule, and policy. A lesser sentence would depreciate the seriousness of the crime committed by [Appellant] and the impact this death has had on the Franklin County community, and most importantly, the victim's family.

Trial Court Opinion, 10/27/23, at 6-8 (footnotes omitted).

Upon review of the record and relevant case law, we conclude that the trial court did not abuse its discretion in fashioning Appellant's sentence. Based on the trial court's consideration of the PSI and the other evidence presented, and the trial court's reasons for the sentence imposed, we conclude that Appellant's sentence of 40 years to life imprisonment is not clearly

unreasonable. ***See Miller***, ***supra***,[5] ***Commonwealth v. Harper***, 273 A.3d 1089 (Pa. Super. 2022).[6]

Additionally, as noted above, it was solely within the province of the sentencing court to weigh the evidence and balance the sentencing factors. ***See also Commonwealth v. Walls***, 926 A.2d 957 (Pa. 2007) (in ***Walls*** our Supreme Court "specifically admonished that the weighing of factors under [Section] 9721(b) was *exclusively for the sentencing court*, and an appellate court could not substitute its own weighing of those factors." ***Commonwealth***

---

[5] In ***Miller***, Appellant argued that the sentencing court abused its sentencing discretion by "focus[ing] solely on the nature of the crimes" and "pa[ying] no more tha[n] lip service to [appellant's] strides toward rehabilitation and reform." ***Miller***, 275 A.3d at 534. He further contended that his sentence of 55 years to life imprisonment [for first-degree murder] was manifestly excessive in violation of "both 42 Pa.C.S. § 9781(c)(2) and fundamental norms under the sentencing process." ***Id.*** Upon review, we rejected the excessiveness/unreasonableness claim, noting "it was solely within the province of the sentencing court to weigh the evidence and balance the sentencing factors. Based on the [trial] court's consideration of the PSI and the other evidence presented, we conclude that Appellant's sentence of 55 years to life imprisonment is not manifestly unreasonable." ***Id.*** at 536.

[6] In ***Harper***, Appellant, who was sentenced to 35 years to life for second-degree murder, challenged, *inter alia*, the discretionary aspects of his sentence. Specifically, he argued that the trial court based his sentence mainly upon the serious nature of the crime and its impact upon the victim's family, ignoring, on the other hand, his rehabilitative needs. We affirmed the judgment of sentence, noting that a review of the record showed that the trial court considered all relevant factors, the presentence report, and adequately explained the reasons for the sentence imposed. Accordingly, we concluded that Harper's claim that the trial court failed to consider the appropriate factors in imposing the sentence lacked merit.

*v. Bowen*, 975 A.2d 1120, 1123-24 (Pa. Super. 2009) (emphasis added),

citing *Walls*, *supra*, at 966).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/10/2024