J-S03044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AYAWNA IMANI JOHNSON | : | |
| | : | |
| Appellant | : | No. 621 WDA 2024 |

Appeal from the Judgment of Sentence Entered January 16, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000325-2021


BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED: February 28, 2025**

Ayawna Imani Johnson ("Johnson") appeals from the judgment of sentence entered by the Allegheny County Court of Common Pleas ("trial court") following her entry of a guilty plea to three counts of aggravated assault and one count of endangering the welfare of children.  On appeal, Johnson challenges the discretionary aspects of her sentence.  We affirm.

In November 2020, the West Mifflin Police Department investigated the circumstances surrounding the severe burn injuries sustained by two-year-old K.P.  At the time of his injuries, K.P. resided with his sibling, nine-year-old A.M., their biological father, Cleveland Parker ("Parker"), Johnson, and Johnson's minor child.  On November 3, 2020, Johnson was entrusted with the care of the three children while Parker went to work.

After Parker arrived home from work, the group went to Walmart. At that point, Parker noticed that K.P. was acting strangely. Later that evening, Parker's mother discovered that K.P. was badly burned on his foot, leg, and buttocks. When Parker confronted Johnson about K.P.'s injuries, she claimed to be unaware that anything had happened. At that point, A.M. revealed to Parker that Johnson had given K.P. a bath in scalding water earlier that morning, and that despite K.P.'s screams of pain, Johnson did not let him out of the water. K.P. was subsequently treated for his burns at UPMC Mercy Hospital's burn unit, and later at UPMC Children's Hospital, where a doctor assessed his injuries and determined that they were consistent with immersion burns and child abuse.

The police arrested Johnson, and the Commonwealth charged her with one count each of aggravated assault (child less than 13 years old), aggravated assault (attempt to cause serious bodily injury), aggravated assault (child less than 6 years old), and endangering the welfare of children. On October 23, 2023, Johnson entered a negotiated guilty plea to all charges in exchange for the Commonwealth withdrawing its attempt to seek a mandatory five-year prison sentence. The parties did not otherwise enter a negotiated plea as to Johnson's sentence. The trial court accepted the plea and sentenced Johnson to an aggregate term of forty-two to eighty-four months in prison. Johnson filed a post-sentence motion, which the trial court denied. This timely appeal followed; Johnson raises the following question for

our review: "Did the [t]rial [c]ourt abuse its discretion when it sentenced []

Johnson to a period of incarceration of 42 to 84 months?" Johnson's Brief at

3.

Johnson argues that the trial court imposed an excessive sentence. ***Id.***

at 12. This presents a challenge to the discretionary aspects of her sentence.[1]

***Commonwealth v. Ahmad***, 961 A.2d 884, 886 (Pa. Super. 2008).

> The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal. To invoke this Court's jurisdiction to review a challenge to the discretionary aspects of a sentence, an appellant must satisfy a four-part test:
>
> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Rivera***, 312 A.3d 366, 376-77 (Pa. Super. 2024)

(citations, quotation marks, and brackets omitted).

The record reflects that Johnson preserved the issue in a timely post-

sentence motion, and filed a timely notice of appeal. Johnson also provided a

Pa.R.A.P. 2119(f) statement in her brief. ***See*** Johnson's Brief at 10-12.

Therefore, we must determine whether Johnson raises a substantial question

for our review.

---

[1] We note that because Johnson entered an open guilty plea, she may challenge the discretionary aspects of the sentence imposed. ***See Commonwealth v. Brown***, 240 A.3d 970, 972 (Pa. Super. 2020).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015) (en banc) (citation omitted). A substantial question may be found where an appellant alleges that a sentence "violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Commonwealth v. Rhoades***, 8 A.3d 912, 916 (Pa. Super. 2010) (citation omitted).

Johnson's claim that the trial court imposed an excessive sentence, which only reflected the seriousness of her crime, and did not consider any mitigating circumstances, raises a substantial question. ***See Commonwealth v. Perry***, 883 A.2d 599, 602 (Pa. Super. 2005) (holding that appellant raised a substantial question by arguing that the trial court's sole focus on the seriousness of his offense was contrary to the fundamental norms of the sentencing process).

Our standard of review of discretionary sentencing challenge is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Baker*, 311 A.3d 12, 19 (Pa. Super. 2024) (citation omitted).

If the trial court was informed by a presentence investigation report, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."[2] *Commonwealth v. Miller*, 275 A.3d 530, 535 (Pa. Super. 2022); *see also Rhoades*, 8 A.3d at 919 (noting that where "the sentencing court had the benefit of a pre[]sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors") (citation and quotation marks omitted).

In her brief before this Court, Johnson submits that the trial court "ostensibly" considered the relevant statutory factors set forth in 42 Pa.C.S. § 9721, *see* Johnson's Brief at 18, but she nonetheless argues that the trial court did not consider all relevant factors—in particular, her need for rehabilitation. *Id.* at 14, 18. Johnson notes that the presentence investigation report "demonstrated a long history of mental illness, alcohol abuse, personal abuse, and other similar trauma." *Id.* at 15. She argues that

---

[2] These factors include "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "The balancing of these [s]ection 9721(b) sentencing factors is within the sole province of the sentencing court." *Baker*, 311 A.3d at 19 (citation omitted).

in fashioning her sentence, the trial court ignored this and only considered the seriousness of the crime. *Id.* at 19.

At sentencing, the trial court expressly stated that it considered the presentence investigation report. N.T., 01/16/2024, at 66. Further, the trial court separately stated that it took into account Johnson's past trauma, difficult childhood, and current rehabilitative needs, but in an exercise of informed judgment, found the gravity and consequences of her actions to be more significant. *Id.* at 66-68. The trial court determined that the callous nature of the crime outweighed the mitigating circumstances because K.P. was only two years old at the time of the incident, and Johnson failed to seek medical treatment for hours afterward. *See id.* at 67-68. Finally, the trial court indicated that it was imposing a term of incarceration less than the maximum allowed by law. *Id.* at 68.

We conclude that the trial court did not abuse its discretion in sentencing Johnson to an aggregate term of forty-two to eighty-four months of incarceration. Not only was the trial court informed by Johnson's presentence investigation report, but it expressly considered the mitigating evidence she claimed it ignored. *See id.* at 66-68; *see also* Trial Court Opinion, 08/08/2024, at 9. The trial court found the severity of Johnson's actions to outweigh the mitigating circumstances—a determination that was within its authority to make. *See Baker*, 311 A.3d at 19 (noting that "the weight accorded to the mitigating factors or aggravating factors presented to the

sentencing court is within the court's exclusive domain"). Based upon the trial court's findings, the fact that it was informed by Johnson's presentence investigation report, and the well-settled law, we conclude that Johnson's sentence is not manifestly excessive and that the trial court did not abuse its discretion. *See Miller*, 275 A.3d at 535.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/28/2025