J-S17021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TREVAHN MICHAEL STEPHENS | : | |
| | : | |
| Appellant | : | No. 2751 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 29, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003474-2023

BEFORE: MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED AUGUST 25, 2025**

Trevahn Michael Stephens appeals from the judgment of sentence entered following his guilty pleas for persons not to possess a firearm and firearms carried without a license.[1] He challenges the discretionary aspects of his sentence. We affirm.

Stephens' convictions stem from the recovery of a firearm from inside his vehicle. Stephens agreed with the following facts regarding his crimes related to docket 3474-2023:

> [O]n March 31st, 2023, on Sandy Hill Road which is located within Plymouth Township, a police officer observed an incapacitated vehicle. He approached the vehicle and it was determined that [Stephens] [was] inside that vehicle.
>
> Through subsequent investigation, it was also determined that there was a firearm inside that vehicle. And when the

_____

[1] 18 Pa.C.S.A. §§ 6105 and 6106, respectively.

police officer did the research, . . . it was determined that [Stephens] did not have a license for that firearm[.]

N.T., Open Guilty Plea, 5/30/24, at 6-7. Stephens also pleaded guilty at docket 4649-2023 to separate charges arising from crimes committed on another date. *Id.* at 7-8.

At sentencing, the court referenced the pre-sentence investigation ("PSI") report and Stephens' driving record. N.T., Sentencing, 8/29/24, at 3-4. Defense counsel acknowledged that Stephens' criminal history made him ineligible to possess a weapon. *Id.* at 7. He pointed out that Stephens had a "troubled life during his upbringing[.]". *Id.* at 8, 9. Counsel argued that the last time Stephens "was in serious trouble was in 2013" and that for the instant case he had car problems and was not "looking for trouble." *Id.* at 9, 10. Counsel explained that Stephens had multiple jobs, including a career in wrestling. *Id.* at 10. The court also heard from Stephens, who described his upbringing.

Before imposing sentence, the court noted that it considered the Sentencing Guidelines, the underlying facts of the case, the protection of the public, and Stephens' rehabilitative needs. The court then sentenced Stephens to five to 10 years' incarceration.

Stephens filed a post-sentence motion, admitting that he knew he was ineligible to possess a firearm but alleging that "personal safety and the safety of his love[d] ones superseded Pennsylvania law[.]" *See* Post-Sentence Motion, filed 9/5/24, at ¶ 4. Stephens also asked the court to "modify the

previously imposed sentence of no less than 5 years to no more than 10 years[.]" *Id.* at 4. The court denied the motion and this timely appeal followed.

Unrelated to the appeal before this Court, the Commonwealth and the trial court request that we "correct" Stephens' sentence in the other case to which he pleaded guilty, docket 4649-2023. The Commonwealth argues that the sentence there of one to five years is a clerical error because the court previously agreed to the Commonwealth's suggested cap of one to three years. *See* Commonwealth's Br. at 21-22 (citing N.T., Guilty Plea Hearing, at 4). The trial court joins in that request. *See* 1925(a) Opinion, 12/9/24, at 11. We decline in this appeal to address any issues related to the judgment of sentence imposed at docket 4649-2023. That is not the matter before us in the instant appeal. We will address questions related to that case in the appeal attendant to that case, in which Stephens has filed a separate notice of appeal. *See Commonwealth v. Stephens*, No. 2747 EDA 2024.

We now turn our attention to Stephens' claim related to the subject proceeding. He asks us to decide the following question:

> Was the aggregate sentence of 5 to 10 years imprisonment imposed by the trial court contrary to the fundamental norms of the sentencing process in that it was unduly harsh since the length of the sentence was excessive and was based exclusively on the facts of the underlying cases while failing to give adequate consideration of defendant's difficult upbringing, the age of the convictions underlying prior record score, the fact that he was gainfully employed, his relationship with his son, and his promising mixed martial arts career?

Stephens' Br. at 3 (trial court answer omitted).

Stephens' issue challenges the discretionary aspects of his sentence. There is no right to automatic appellate review of such issues. ***See Commonwealth v. Miller***, 275 A.3d 530, 534 (Pa.Super. 2022). This Court must first determine whether the appellant:

> (1) fil[ed] a timely notice of appeal; (2) properly preserv[ed] the issue at sentencing or in a motion to reconsider and modify the sentence; (3) compl[ied] with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) present[ed] a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa.Super. 2018) (*en banc*) . The appellant must satisfy each requirement. ***Miller***, 275 A.3d at 534.

Here, Stephens fails to satisfy the second requirement. Stephens did not preserve his sentencing claim below. On appeal, he claims the court failed to consider his mitigating factors. However, he did not raise this claim in his post-sentence motion or at sentencing. As such, his sentencing claim is waived. ***See Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*) (stating claims challenging discretionary aspects of sentence that are not preserved in a post-sentence motion or at sentencing are waived).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>8/25/2025</u>