J-S10026-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KHALIL JIHAD AKEEM PALM | : | |
| | : | |
| Appellant | : | No. 1383 MDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered May 13, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002845-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KHALIL JIHAD AKEEM PALM | : | |
| | : | |
| Appellant | : | No. 1399 MDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered May 13, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002846-2021

BEFORE: DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BECK, J.:                    **FILED: APRIL 17, 2026**

Khalil Jihad Akeem Palm ("Palm") appeals from the judgments of sentence entered by the York County Court of Common Pleas ("trial court") after he pled guilty to two counts of manufacture, delivery, or possession with intent to manufacture, deliver, or possess a controlled substance ("PWID"), and one count of person not to possess, use, manufacture, control, sell, or

transfer firearms.[1]  On appeal, Palm challenges the discretionary aspects of his sentence.  Upon review, we affirm.

We derive the following facts from the certified record.  On May 6, 2021, Palm delivered fentanyl to a confidential informant in exchange for official funds; the transaction occurred within the view of police.  Testing confirmed the substance to be fentanyl.  On May 12, 2021, police executed a search warrant at an apartment where Palm was present in York City, Pennsylvania.  Police recovered a loaded firearm, fentanyl packaged for sale, drug packaging material, and more than $3,000 in cash.  Palm admitted to police that the firearm, fentanyl, and drug packaging material belonged to him.  Testing again confirmed the substance to be fentanyl.  Based on Palm's criminal record, he was prohibited from possessing a firearm.

After several continuances and changes in defense counsel, on March 5, 2025, the trial court accepted Palm's open guilty plea to the above charges. **See** N.T., 3/5/2025, at 18-25.  The trial court ordered a presentence investigation ("PSI") report and recommendation. **Id.** at 25.

The parties appeared for a sentencing hearing on both dockets on May 13, 2025.  After review of the PSI report, sentencing guidelines, and argument from counsel, the trial court sentenced Palm to an aggregate term of eleven

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S. § 6105(a)(1).  Palm pled guilty to one count of PWID on lower court docket number CP-67-CR-2845-2021, and one count each of PWID and person not to possess firearms on lower docket number CP-67-CR-2846-2021.  This Court consolidated the above-referenced appeals sua sponte on November 21, 2025.

to twenty-two years of incarceration. Specifically, on lower court docket number CP-67-CR-2845-2021, the trial court sentenced him to two-and-one-half to five years for the PWID conviction, to run concurrently with the consecutive sentences imposed on lower court docket number CP-67-CR-2846-2021 of six to twelve years for the PWID conviction and five to ten years for the person not to possess firearms conviction. The trial court additionally imposed 1 year of probation to follow incarceration and awarded 1,226 days of credit for time served. On August 29, 2025, the trial court denied Palm's timely motion for reconsideration of sentence. This timely appeal followed.

The sole question Palm asks us to review on appeal is "whether the trial court erred as a matter of law and/or abused its discretion in denying [Palm's] post sentence motion for reconsideration of sentence[.]" Palm's Brief at 4 (unnecessary capitalization omitted). He argues that his aggregate sentence of eleven to twenty-two years of incarceration is excessive based on the trial court's decision to impose consecutive sentences on the PWID and person not to possess firearms convictions on lower docket number CP-67-CR-2846-2021. *Id.* at 8-15. This argument implicates the discretionary aspects of his sentence. *See Commonwealth v. Mastromarino*, 2 A.3d 581, 585 (Pa. Super. 2010) (stating that a claim that an aggregate sentence is manifestly excessive based on the consecutive nature of the sentences is a challenge to the discretionary aspects of sentencing).

There is "no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa.

- 3 -

Super. 2010). To invoke this Court's jurisdiction, Palm must satisfy the following four-part test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); (4) the appellant raises a substantial question for our review.

*Commonwealth v. Rivera*, 312 A.3d 366, 376-77 (Pa. Super. 2024) (quotation marks, brackets, and citation omitted).

A substantial question is determined on a case-by-case basis and exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McCain*, 176 A.3d 236, 240 (Pa. Super. 2017) (quotation marks and citation omitted). A "substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable." *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013).

In the case before us, Palm filed a timely appeal and his brief contains a Rule 2119(f) statement,[2] wherein he contends that his aggregate sentence

---

[2] Palm did not set forth his Rule 2119(f) statement "in a separate section of the brief" that "immediately precede[s] the argument on the merits with respect to the discretionary aspects of the sentence," as required by the rule. *See* Pa.R.A.P. 2119(f). Rather, Palm labeled both his "summary of the argument" and "argument" sections of his brief as a "Section 2119(F)
*(Footnote Continued Next Page)*

- 4 -

is excessive based on the consecutive nature of the sentences imposed on lower court docket number CP-67-CR-2846-2021. Palm's Brief at 8-15. However, Palm failed to preserve his claim by raising it at the sentencing hearing or in a post-sentence motion. Although he filed a post-sentence motion, he did not set forth any reason why the trial court should reconsider his sentence, much less raise a challenge to its consecutive nature. *See* Motion for Reconsideration of Sentence and Request to Withdraw as Counsel, 5/18/2025, ¶ 3 (stating in full that "Khalil Palm[] by this Motion asks the Court to reconsider its sentence"). Accordingly, Palm failed to satisfy the test to invoke our jurisdiction to review his sentencing claim. *See Rivera*, 312 A.3d at 376-77.

Even if we were to proceed to determine whether Palm raised a substantial question for our review, we would conclude that he failed to do so. "A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question." *Commonwealth v. Faison*, 297 A.3d 810, 835 (Pa. Super. 2023) (quotation marks and citation omitted). "Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly

---

Statement." *See* Palm's Brief at 8, 11. The Commonwealth did not object to his failure to strictly adhere to the rule's requirements and we therefore do not find Palm's discretionary sentencing claim waived on this basis. *See Commonwealth v. White*, 193 A.3d 977, 982 (Pa. Super. 2018) (declining to find waiver of a discretionary sentencing claim where the Commonwealth did not object to the appellant's failure to comply with Pa.R.A.P. 2119(f)).

harsh, considering the nature of the crimes and the length of imprisonment." *Faison*, 297 A.3d at 835 (quotation marks and citation omitted). To resolve this inquiry, we examine "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Mastromarino*, 2 A.3d at 588 (quotation marks and citation omitted).

Palm argues that the firearm and drug counts stemming from the search of his residence "are so intertwined that they constitute one event, rather than separate events." Palm's Brief at 12, 14. He acknowledges that the two consecutive sentences imposed on lower court docket number CP-67-CR-2846-2021 are within the standard range and that the trial court had broad discretion to impose concurrent or consecutive sentences, but he contends that running them consecutively was "overkill" and "unduly harsh" where "each offense was premised as part of the same series of events." *Id.* at 12-14. According to Palm, his case is one of the extreme circumstances where imposing consecutive sentences resulted in an excessive aggregate sentence in light of his conduct. *Id.* at 13. He contends the trial court, in sentencing him to consecutive terms, abused its discretion when it punished him for two different crimes that occurred simultaneously. *Id.* at 14.

Upon review, even if Palm preserved his claim at sentencing or in his post-sentence motion, we would conclude that he failed to raise a substantial question because the aggregate sentence does not appear on its face to be excessive in light of Palm's criminal conduct. *See Mastromarino*, 2 A.3d at

588. The firearm and drug counts stemming from the search at his residence are two wholly distinct crimes and the trial court's decision to impose two standard range sentences for those convictions and run them consecutively is not the type of "extreme circumstance" that presents a substantial question for our review. *See Faison*, 297 A.3d at 835.

Further, even if we were to conclude this raised substantial question for our review, we would nonetheless conclude that Palm is not entitled to relief. Our standard of review is well established:

> Imposition of sentence is vested in the discretion of the sentencing court and will not be disturbed by an appellate court absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. To constitute an abuse of discretion, a sentence must either exceed the statutory limits or be…manifestly excessive.

*Commonwealth v. Hunzer*, 868 A.2d 498, 514 (Pa. Super. 2005) (quotation marks and citations omitted). In addition to the abuse of discretion standard, our review is confined by section 9781(c) and (d) of the Sentencing Code:

> **(c) Determination on appeal.--**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> >
> > (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

**(d) Review of record.--**In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(c), (d).

In determining the sentence to be imposed, the trial court may impose the sentences to run consecutively or concurrently. 42 Pa.C.S. § 9721(a); *see also Commonwealth v. Taylor*, 277 A.3d 577, 593 (Pa. Super. 2022) (stating that the "imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court") (quotation marks and citation omitted). Further, if the trial court was informed by a PSI report, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."[3] *Commonwealth v. Miller*, 275 A.3d 530, 535

---

[3] The sentencing factors include "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the
*(Footnote Continued Next Page)*

(Pa. Super. 2022) (quotation marks and citation omitted); ***see also***

***Commonwealth v. Rhoades***, 8 A.3d 912, 919 (Pa. Super. 2010) (stating

that where "the sentencing court had the benefit of a [PSI] report, we can

assume the sentencing court was aware of relevant information regarding the

defendant's character and weighed those considerations along with mitigating

statutory factors") (quotation marks and citation omitted).

The record reflects that at the sentencing hearing, the Commonwealth

sought aggravated range sentences and for two of the three counts, to run

consecutively, based on Palm's extensive prior criminal history (including four

prior PWID convictions) and because he incurred a new, pending aggravated

assault charge while incarcerated. N.T., 5/13/2025, at 3-4, 7-9. Defense

counsel admitted Palm's record was "horrendous" but argued for a sentence

of "closer to" six to twelve years with credit for time served because of Palm's

likely mental health issues, strong family support, cooperation when the police

executed the search warrant, and acceptance of responsibility in pleading

guilty. ***Id.*** at 4, 9-11.

As noted above, the trial court sentenced Palm to standard range

sentences of two-and-one-half to five years for the PWID conviction on lower

court docket number CP-67-CR-2845-2021, to run concurrently with the

---

community, and the rehabilitative needs of the defendant." 42 Pa.C.S.
§ 9721(b). "The balancing of these [s]ection 9721(b) sentencing factors is
within the sole province of the sentencing court." ***Commonwealth v. Baker***,
311 A.3d 12, 19 (Pa. Super. 2024) (citation omitted).

consecutive sentences imposed on lower court docket number CP-67-CR-2846-2021 of six to twelve years for the PWID conviction and five to ten years for the person not to possess firearms conviction, to be followed by one year of probation. The trial court also awarded credit for time served. The aggregate sentence imposed is eleven to twenty-two years.

> In its opinion, the trial court explained its reasoning as follows:
>
> Here, [Palm] was sentenced by [the trial c]ourt after a thorough review of the record, the [PSI] report, and the applicable Sentencing Guidelines. The sentence imposed fell within the standard range of the guidelines. The [trial c]ourt considered the serious nature of the offenses, [Palm's] repeated involvement in drug trafficking and firearm-related conduct, and the need to protect the community. Although the Commonwealth sought an aggravated-range sentence, the [trial c]ourt declined to impose one, determining that a standard-range sentence appropriately balanced the statutory sentencing factors.

Trial Court Opinion, 11/6/2025, at 3-4.

The record confirms that the trial court noted at sentencing Palm's "very lengthy" criminal history, including his numerous prior drug convictions. N.T., 5/13/2025, at 12. Although the Commonwealth recommended aggravated-range sentences because Palm incurred new criminal charges while incarcerated, the trial court rejected this recommendation and sentenced him in the standard range, disregarding the pending charges as a reason to enhance his sentence. *Id.* It was within the trial court's discretion to impose consecutive sentences for the firearm and drug convictions that stemmed from the search of Palm's residence—although these two crimes arose out of the same criminal incident, their elements do not overlap and they are separate,

- 10 -

distinct criminal acts. *See* 42 Pa.C.S. § 9721(a); *see also Taylor*, 277 A.3d at 595 (holding the appellant's excessive sentencing claim based on the consecutive nature of his sentences was within the trial court's discretion and the appellant was not entitled to a "volume discount" for charges that arose out of the same criminal incident). Further, Palm's two PWID counts involved separate incidents involving fentanyl, on different dates, in different locations, and charged at separate criminal court dockets, and yet the trial court exercised its discretion to impose those sentences concurrently. Finally, the trial court had the benefit of a PSI report and we thus presume it was aware of all appropriate sentencing factors and considerations and its discretion should not be disturbed. *See* N.T., 5/13/2025, at 11; *Miller*, 275 A.3d at 535; *Rhoades*, 8 A.3d at 919. Accordingly, even if Palm invoked our jurisdiction to review his challenge to the discretionary aspects of his sentence, we would discern no basis to conclude that the trial court abused its discretion.

Judgments of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/17/2026

- 11 -