J-S03023-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CODY J. BLAKE | : | |
| | : | |
| Appellant | : | No. 977 MDA 2025 |

Appeal from the Judgment of Sentence Entered May 12, 2025
In the Court of Common Pleas of Sullivan County Criminal Division at
No(s):  CP-57-CR-0000009-2025

BEFORE:  DUBOW, J., BECK, J., and LANE, J.

MEMORANDUM BY BECK, J.:                    **FILED: MAY 4, 2026**

Cody J. Blake ("Blake") appeals from the judgment of sentence entered by the Sullivan County Court of Common Pleas ("trial court") following his open guilty plea to one count each of solicitation to commit criminal trespass and solicitation to commit access to device fraud.[1]  On appeal, Blake challenges the discretionary aspects of his sentence.  Upon review, we affirm.

On August 14, 2024, Blake, while incarcerated at Bradford County Correctional Facility, called his girlfriend, Vicky Frisbie ("Frisbie"), and instructed her to enter the home of his fellow inmate, Louis Dastalfo ("Dastalfo"), with the intention of stealing items, namely Dastalfo's wallet and debit card, to make several unauthorized transactions and withdrawals.

---

[1] 18 Pa.C.S. §§ 9353(a)(1)(i), 4106(a)(1)(ii).

On August 24, 2024, Trooper Ramon E. Paulino responded to a dispatch call regarding a burglary at a residence located in Sullivan County. Trooper Paulino, spoke to Tina Nastase ("Nastase"), Dastalfo's daughter, who stated that Dastalfo had told Blake in prison that he did not have any money because he left his wallet, with his credit/debit cards and other personal documents, on his coffee table in his home.

During his investigation, Trooper Paulino recovered recorded prison phone calls between Blake and Frisbie. Trooper Paulino also recovered Dastalfo's bank account statements from Nastase, as well as video surveillance and store records of Frisbie making purchases and ATM withdrawals using Dastalfo's bank card between the hours of 4:54 a.m. and 8:27 a.m. on August 14, 2024, in the amount of $936.01. The Commonwealth charged Blake with numerous crimes.

Blake entered an open guilty plea to the aforementioned crimes. The trial court accepted the plea. On May 6, 2025, the trial court sentenced Blake to an aggregate term of 12 to 120 months of incarceration.[2] The trial court further ordered that Blake would not be eligible for a Recidivism Risk Reduction Incentive minimum sentence, state motivational bootcamp, or the

_____

[2] The trial court sentenced Blake to six months to sixty months for solicitation to criminal trespass, and a consecutive sentence of six months to sixty months for criminal solicitation to device fraud. The sentences were to be served consecutive to the sentence imposed by the Court of Common Pleas of Bradford County at docket number CP-8-CR-0297-2024. Blake was additionally required to pay a fine of $500 for each count.

state drug treatment program.[3]  On May 14, 2025, Blake filed a timely motion for reconsideration of his sentence, which the trial court denied.  This timely appeal followed.

Blake presents the following issue for our review:

Whether the trial court abused its discretion by imposing consecutive standard-range sentences, consecutive as well to [Blake's] existing six-to-twelve year Bradford County sentence, where the offenses were non-violent, the Commonwealth offered no substantive argument for consecutive punishment, and the trial court provided only cursory reasoning, resulting in a manifestly excessive aggregate sentence that failed to address the rehabilitative needs of [Blake] or the needs of the community?

Blake's Brief at 10.

Blake argues that the trial court imposed an excessive sentence.  This claim implicates the discretionary aspects of his sentence.  ***See Commonwealth v. Bishop***, 831 A.2d 656, 660 (Pa. Super. 2003) (stating that a claim that the trial court imposed a manifestly excessive sentence is a challenge to the discretionary aspects of the sentence).  "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. Knox***, 165 A.3d 925, 929 (Pa. Super. 2017) (citation omitted).  To invoke this Court's jurisdiction, Blake must satisfy the following four-part test:

_____

[3] The trial court amended the sentencing order on May 12, 2025, to fix an erroneous statement about Blake's time for credit served on the aggregate sentence.

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); (4) the appellant raises a substantial question for our review.

*Commonwealth v. Rivera*, 312 A.3d 366, 376-77 (Pa. Super. 2024) (quotation marks, brackets, and citation omitted). A substantial question is determined on a case-by-case basis and exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McCain*, 176 A.3d 236, 240 (Pa. Super. 2017) (quotation marks and citation omitted).

In this case, Blake filed a timely appeal and raised his claim in a post-sentence motion. He also provided a Rule 2119(f) statement in his brief, wherein he contends that the trial court's imposition of consecutive sentences resulted in an excessive aggregate sentence that is disproportionate to the nonviolent nature of the offenses that made him ineligible for rehabilitative programs. Blake's Brief at 14-15. This claim raises a substantial question. *See Commonwealth v. Moury*, 992 A.2d 162, 171-72 (Pa. Super. 2010) (holding that claim that aggregate sentence is unduly harsh in light of the nature of the crimes raises a substantial question). Accordingly, we will proceed to review the merits of the claim.

Our standard of review is well established:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Campbell*, 347 A.3d 707, 718 (Pa. Super. 2025) (citation omitted). In addition to the abuse of discretion standard, our review is confined by section 9781(c) and (d) of the Sentencing Code:

**(c) Determination on appeal.--**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

**(d) Review of record.--**In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(c), (d).

If the trial court was informed by a presentence investigation report, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."[4] *Commonwealth v. Miller*, 275 A.3d 530, 535 (Pa. Super. 2022); *see also Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa. Super. 2019) (noting that where "the sentencing court had the benefit of a presentence investigation report [], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors") (citation and quotation marks omitted).

Blake argues that the trial court abused its discretion by imposing a manifestly excessive sentence and making him ineligible for various rehabilitative programs. Blake's Brief at 16. He contends that the fact the trial court highlighted his long history of addiction related to his criminal activity failed to "demonstrate how making him ineligible for rehabilitative programs serves to address his needs or the needs of the community upon

---

[4] The sentencing factors include "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "The balancing of these [s]ection 9721(b) sentencing factors is within the sole province of the sentencing court." *Commonwealth v. Baker*, 311 A.3d 12, 19 (Pa. Super. 2024).

his eventual release." *Id.* at 19. Blake further asserts that the trial court's reliance on his prior criminal history in imposing the sentence was misplaced, as this history was contemplated by the sentencing guidelines. *Id.* In his view, the court failed to adhere to individualized sentencing norms, noting the court stated in its opinion that "the sentence imposed against [Blake] was consistent with [the trial court's] past sentencing practices for similar offenses." *Id.* at 19 (quoting Trial Court Opinion, 7/22/2025, at 4).

The record reflects that, in sentencing Blake, the trial court considered a presentence investigation report and the sentencing guidelines. N.T., 5/6/2025, at 6, 9, 11-12; *see also* Trial Court Opinion, 7/22/2025, at 4 (observing that the presentence investigation report "revealed a long and tortured history of substance abuse"). At the sentencing hearing, Blake addressed the trial court and requested concurrent sentences, given his participation in work release and other programs at the facility where he was incarcerated, his separate lengthy sentence in Bradford County, and his need to return home to his child. *Id.* at 8. The trial court found that Blake had "exhausted all resources available to him at the county level and [Blake] has an extensive prior criminal record which prior rehabilitation in sentencing has failed to address." *Id.* at 11. The trial court then imposed the above sentence, noting the individual sentences were within the standard range of the guidelines for each offense. *Id.* at 11-12. It indicated that Blake would be ineligible for rehabilitative programs. *Id.* at 11.

We conclude that the trial court did not abuse its discretion in sentencing Blake. Although the trial court indicated in its opinion that Blake's sentence "was consistent with [the court's] past sentencing practices for similar offenses," Trial Court Opinion, 7/22/2025, at 4, our review of the record supports a finding that it reflects the court's individualized approach in sentencing Blake. **See Commonwealth v. Bartic**, 303 A.3d 124, 139 (Pa. Super. 2023) ("[A] trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender") (quotation marks and citation omitted). Not only was the trial court informed by the presentence investigation report, it further expressly considered Blake's rehabilitative needs, noting his prior attempts at rehabilitation had failed. It then imposed Blake's sentence based on the ineffectiveness of prior rehabilitative programs made available to him, as well as his lengthy prior criminal history. **See Miller**, 275 A.3d at 535; **Rhoades**, 8 A.3d at 919. Further, although criminal history is weighed within sentencing guidelines, a trial court is permitted to further consider prior criminal history as long as it is not the only consideration. **See Commonwealth v. Shugars**, 895 A.2d 1270, 1275 (Pa. Super. 2006) (stating "trial courts are permitted to use prior conviction history and other factors already included in the guidelines if they

are used to supplement other extraneous sentencing information") (emphasis and citation omitted).

Additionally, where, as here, the sentence is within the standard range of the guidelines, "Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Moury*, 992 A.2d at 171. It is in the court's sole discretion to impose sentences consecutively or concurrently. *See Commonwealth v. Bankes*, 286 A.3d 1302, 1310 (Pa. Super. 2022) ("[D]efendants convicted of multiple offenses are not entitled to a 'volume discount' on their aggregate sentence.") (citation omitted). "[W]e will not disturb consecutive sentences unless the aggregate sentence is grossly disparate to the defendant's conduct, or viscerally appears as patently unreasonable." *Id.* (cleaned up).

Based upon our review of the record, the arguments raised by Blake, and the relevant law, we do not find Blake's sentence to be patently unreasonable and conclude there is no basis to overturn the trial court's sentencing decision. *See* 42 Pa.C.S. § 9781(c), (d). We therefore conclude that Blake is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/4/2026